ANTOINE MAURER, Plaintiff in Error, *v.* THE PEOPLE, Defendant in Error.

All instructions or information given by the court to the jury, having a tendency to influence the verdict, are a part of the trial, within the provision of the statute (2 R. S., 759, § 13), that no person indicted for felony can be tried, unless he be personally present during such trial.

Accordingly, where the plaintiff in error having been indicted, and being on his trial for murder, after the jury had retired to deliberate upon their verdict, they returned into court and asked certain questions of the court as to what had been the evidence on particular points, to which the court replied, giving the information requested.—*Held*, that this was a proceeding upon the trial within the statute, and the prisoner not having been present, it was error, for which his conviction must be reversed.

*Held*, further, that neither the presence of the prisoner's counsel, nor his omission to object, could waive the illegality.

(Argued July 5th, 1870; and decided October 11th, 1870.)

ERROR to the General Term of the Supreme Court in the second district, to review an affirmance of a conviction of the plaintiff in error, at the Rockland Oyer and Terminer in October, 1869, for the murder of Joachim Fuerter.

HAND — VOL. IV.    1

It appeared in the bill of exceptions included in the error book, that " sometime after the jury had retired to deliberate on their verdict in said cause, and before the verdict, and about the hour of midnight, they returned into court and asked the following questions of, and received the following instructions from the court, viz. :  ' The jury, by their fore-man, asked the court to re-state the dates as to the clothing, and when it was bought and pawned,' to which the court replied :  ' The prisoner says he bought them of a man at Raber's saloon, in Delancy street.   On the eleventh of March, prisoner offered a pawn ticket to Knowlton.   On the same day, the witness, Grossman, says, he and the prisoner went to the pawn office in Christie street, where the witness bought a coat and pants of prisoner.   The pawn ticket is dated March tenth.'   Question by a juror : ' When did prisoner first make a statement about the murder ? '   The court replied : ' On the twelfth of March, at Piermont, also to Grossman, on going to pawn office.'   Thereupon the jury again retired to further deliberate.   The prisoner was not in the court room when the jury thus came in at midnight, or when they asked for or received such instructions.   The prisoner's counsel was present and took no exception or objection, and did not suggest that his client was not present ; and the attention of the court was not directed to that fact.   This fact is stated as a ground of error in behalf of the prisoner, and the same was made a ground in a motion in arrest of judgment.

" After the verdict in said cause was rendered, and before judgment and sentence therein, the prisoner's counsel moved said court that the judgment in said cause be arrested on the grounds, that a part of said trial took place, and instructions were given by the court to the jury in said cause in the absence of the prisoner ; that this fact rendered the verdict void, and no legal judgment or sentence could be passed thereon.   (The said motion was denied, and the prisoner's counsel then and there duly excepted)."

"The court thereupon passed sentence of death upon the said defendant."

*C. P. Hoffman*, for the plaintiff in error, upon the points discussed by the court, cited 2 R. S., Edmond's Ed., 759, 313; *People* v. *Perkins* (1 Wend. R., 91); *Rex* v. *Streek* (2 Car. & P., 413); *Prine* v. *Comm.* (6 Harris, 103); *Mills* v. *Comm.* (9 Harris, 627); 1 Bishop's Cri. Pro., 682; 1 Chitt. Cr. Law, 629, 630, 633; 2 Leach, 546; Fost. 76; 1 Bailey, 631; 3 Camp., 309.

*H. B. Fenton* (district attorney), cited *Hartung* v. *People* (17 How., 85); *Gardiner* v. *People* (6 Barb., 155); *Willis* v. *People* (32 N. Y., 715); *Shorter* v. *People* (2 N. Y., 193); *Stephens* v. *People* (19 N. Y., 459).

GROVER, J.   The statute (2 R. S., 759, § 13, Edmond's Edition) provides that no person indicted for any felony can be tried, unless he be personally present during such trial.   The personal presence of the defendant during his trial being thus made essential by statute to the legality of the trial, it is manifest that neither he or his counsel, can by consent or otherwise, waive such presence so as to make the trial legal, if conducted in his absence.

The clause, " during such trial," as used in the statute, includes all proceedings had in impanneling the jury, the introduction of evidence, the summing up of counsel, and the charge of the court to the jury, receiving and recording the verdict.   In all these proceedings, the legislature has deemed the presence of the accused essential to the attainment of justice and the protection of the innocent.   The charge of the court to the jury includes all instructions of the court to the jury upon points of law, and all comments upon the evidence.   Those familiar with trials for crime must be aware that the presence of the accused is quite as necessary and important to him during the latter as the former.   The charge may all be given at one time, before the jury retire for deliberation upon their verdict; or after they retire

they may request further instructions upon the law, or information as to the testimony, and for this purpose return into court, as in the present case. Any further communication made by the court to the jury is a part of the charge, and will influence the verdict quite as much, if not more, than the instructions given before the jury retired from the bar in the first instance. It is equally essential that the accused should be present, and the statute requires such presence, during the former equally with the latter. It makes no difference, that the communications consist only of answers given by the court to questions proposed by the jurors. If such questions relate only to the law, the answers thereto are subject to exceptions in like manner as any legal instructions given in any part of the charge. If the questions relate to the evidence, it is equally important that the accused have the opportunity of correcting any error in the answers, or of calling attention to other parts of the evidence explanatory thereof, or that may modify its effect. These considerations show the importance of the right secured by the statute to the accused, which scarcely requires any argument. The real and only question here, is whether communications made by the court to the jury, after they have once retired to deliberate upon their verdict, answering questions proposed by the jury, which relate to the case, and have a bearing upon the verdict to be rendered, are a part of the charge, and consequently a proceeding upon the trial within the meaning of the statute. If a part of the charge, it is clear that it is a proceeding upon the trial. The right of the defendant to take exception to any legal proposition thus given, shows that it is a proceeding upon the trial; as it is only upon the trial that exceptions can be taken to the ruling of the court upon legal propositions. (2 R. S., 760, § 21.) As the instructions were a proceeding in the trial, the statute forbade their being given in the absence of the accused. The presence of his counsel at the time, and his failure to object, was no waiver. By no consent of the accused, or of his counsel, can an indictment for a felony be

lawfully tried in his absence, for the sufficient reason, that the statute forbids it. In *Cancemi* v. *The People* (18 N. Y., 128), it was held by this court, that the consent of the defendant to be tried by a jury of eleven, and be bound by their verdict, was wholly invalid, and that a judgment against him, based upon such verdict, must be reversed, for the reason that the tribunal thus constituted had no jurisdiction. The like reason is applicable to the present case. The court has no jurisdiction to try an indictment for felony unless the accused be present. It is a familiar maxim that consent will not confer jurisdiction, although it is a sufficient answer to any error committed in its exercise. It is urged by the counsel for the people, that the objection is unavailing, for the reason that the accused was not prejudiced by the communications made to the jury. A sufficient answer to this is, that this is not established. It may well be that the accused, if present, would have been able, by calling attention to other portions of the testimony, to have produced an impression upon the jury favorable to himself. Of this opportunity he was deprived. But the fact, if established, would be no answer to the objection. Any instructions or information given by the court to jury, having a tendency to influence the verdict, is, within the statute, a proceeding upon the trial, and this is prohibited unless the accused be present. A trial, wholly or in part, conducted in his absence is illegal, and he has an absolute right to a reversal of the judgment, and to a new trial. This disposes of the case, and renders an examination of the other questions discussed unnecessary.

The judgment must be reversed, and a new trial ordered.

All the judges concurring, judgment reversed and new trial ordered.