THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENTS, v. BERNARDINO CASSIANO, APPELLANT.

*Criminal trial — the prisoner's counsel must be notified before further instructions are given, to a jury which has once retired — Code of Criminal Procedure, sec. 427 — The jury is entitled to know the punishment prescribed for the crime — Right of the jury to consider the intoxicated condition of the accused — Penal Code, sec. 22.*

Where a jury, after it has retired to deliberate upon its verdict, returns into court and asks for further instructions, the prisoner has, under section 427 of the Code of Criminal Procedure, an absolute right to have his counsel notified of the fact, and it is a fatal error for the court to give further instructions to the jury before giving such notice to the counsel, even though the prisoner himself be present in court and takes no exception to the instruction so given.

Upon the trial of a person indicted for murder in the first degree the jury, after having retired to deliberate upon its verdict, returned into court and asked what the statute punishment for murder in the second degree was. The court replied that that was not a matter for their consideration in arriving at a verdict.

*Held,* that this was error.

That while it is proper to instruct the jury that where a crime has been proved the extent of the punishment prescribed therefor is no sufficient reason why a verdict in accordance with the facts as proven should not be rendered, yet as a part of the case the punishment should be known to the jury.

Upon the trial of a person indicted for murder in the first degree the jury may, under section 22 of the Penal Code, take into consideration the fact that the accused was intoxicated at the time when he committed the act.

APPEAL by the defendant from a judgment of a Court of Oyer and Terminer, convicting him of the crime of murder in the first degree.

*Louis E. Carr* and *M. H. Hirschberg*, for the appellant.

*Walter C. Anthony*, district attorney, and *William D. Dickey*, for the respondents.

BARNARD, P. J.:

The prisoner was convicted of the crime of murder in the first degree at the Orange county Oyer and Terminer in January last. After the case had been given to the jury and they had retired, and after deliberating upon the evidence the jury requested further instructions. The prisoner was brought into court and the jury were recalled. The counsel who represented the prisoner were not notified of the request of the jury or of their recall for further instructions, and they were not in fact in court. By section 427 of the Code of Criminal Procedure it is provided that in case the jury return for further instructions the counsel for the prisoner shall be notified. In the absence of the counsel the jury asked for the statute punishment for murder in the second degree, " what the sentence is." The court replied that that was not a matter for their consideration in arriving at a verdict. Necessarily there was no exception to this course as the counsel were absent, but upon appeal it must be passed upon whether or not the refusal was right. Two questions are thus raised : Was it error to answer the jury without notifying counsel, without regard to the correctness of the charge ? and, second, were the jury entitled to the information sought ? We think it was an absolute right of the prisoner to have his counsel notified after the jury returned into court and before they were instructed. The words of the statute are imperative that the information sought by the jury " must be given after notice  *  *  *  to the counsel

for the defendant, and in case of felony in the presence of the defendant."

As to the defendant's right to be present that was the requirement of the Revised Statutes; and when correct instructions were given in the presence of the counsel for the accused, but in his absence, the Court of Appeals reversed the judgment. (*Maurer* v. *People*, 43 N. Y., 1.) The right of an accused is part of our system. In the present case it is apparent that the counsel for the accused might have induced the court to furnish the information sought, as there can be no doubt but that it was within the discretionary power of the court even if it was not a legal right. We think the information should have been given. In all cases the jury should know the effect of their verdict. While it is proper to instruct them that when a crime is proven, the extent of the punishment therefor is no sufficient-reason why a verdict according to the facts found should not be rendered, yet as part of the case the punishment should be known by the jury. It was therefore a fatal error not to notify the defendant's counsel when the jury asked for further instructions. It is not material to examine the question whether the jury were authorized to take into their consideration the intoxicated condition of the defendant when the crime was committed in determining the question whether the blow was struck in sudden passion and without the deliberation, now needed to constitute murder in the first degree. Since the trial of the case the present Code has gone into effect and by section twenty-two it is provided that the fact that the accused was intoxicated at the time can be taken into consideration in determining purpose, motive or intent.

The conviction should be reversed, and a new trial granted.

PRATT, J., concurred.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Conviction reversed, and new trial granted.