# Court of Appeals.

### January, 1884.

## Supreme Court—General Term—First Department.

### October, 1883.

## PEOPLE v. KELLY.

ARREST OF JUDGMENT—NEW TRIAL—COMMUNICATION WITH JURY—ADDRESS TO JURY BY COUNSEL—EVIDENCE.

A motion in arrest of judgment must be made for some defect which appears on the face of the record, and cannot be based upon a mere affidavit showing the existence of extrinsic facts.

After the case had been submitted and the jury had retired to their room, a written communication was received from them by the recorder, to which he sent a written reply, the nature of which said correspondence did not appear in the appeal book, nor was there anything to show that it concerned defendant's case or worked detriment to him. A motion in arrest of judgment on this ground was made and denied.

*Held*, on appeal, that the motion not being made upon the grounds specified in Code Crim. Proc. § 467, in regard to arrest of judgment, must be considered an application for a new trial on affidavits; that as it could not be entertained as such an application, since it was not brought within any of the provisions of § 465, therefore, the alleged error was not before the court for review.

*Further held*, that the proper practice in such a case, is to make a statement of the facts as a part of the case and exceptions proposed, and thus furnish an opportunity to the court to make an explanation disclosing the character of the correspondence, which, if it relates to the trial, will properly form a part of the record.

*It seems*, that otherwise, the presumption will be that there was no violation of duty on the part of the court. ·

The time which counsel are to occupy in presenting a case to the consideration of a jury rests to a great extent in the sound discretion of the court, to be regulated the same as any other proceeding during the progress of the case.

*Held*, in this case, that defendant was properly limited to half-an-hour in summing up, and the fact that the district attorney was allowed to exceed by five minutes, the time allotted to him, viz : twenty-five

minutes, no objection having been made thereto at the expiration of said limit, cannot be taken advantage of by defendant on appeal.

Evidence to show violent acts on the part of a witness, at other times than that in question, is inadmissible on behalf of one accused of felonious assault, though the theory of the defense is that defendant was pursuing such witness and accidentally assaulted the complainant.

Appeal by defendant from decision of the General Term, affirming judgment convicting him of felonious assault, rendered November 1, 1882, in the General Sessions of New York, Hon. Frederick Smyth, Recorder, presiding.

The following facts appeared from the evidence : On the evening of July 1, 1882, the complainant Foley went to the liquor store of one Strack, and there met the defendant's brother James Kelly, who asked him to drink, and then requested the return of the ten dollars which he said he had previously loaned him. Complainant denied the debt, and claimed that he had repaid the money to defendant, the said James Kelly's brother. Some one suggested that the brother (defendant) was outside ; he was called in, and upon being questioned, denied that he had received the money, and immediately thereafter assaulted the complainant, whereupon Strack interfered, and turned both the Kellys into the street, the complainant remaining where he was standing. The complainant went into a butcher's shop adjoining, got a cleaver, and returned to the store ; Strack being warned fled, the defendant following in pursuit. Defendant in passing complainant said, " I will kill you anyhow," and then raised the cleaver and struck at him, which blow complainant, in raising his hand to defend himself, received upon his hand and fingers. Defendant struck several other blows at him, cutting him in various places. The defendant testified that Strack threatened to get a pistol, etc., when he ejected defendant, and that he (defendant) got the cleaver, intending to injure Strack, and that when passing complainant with such intent, the latter held up his arm, and defendant accidentally inflicted on him the wounds.

Various exceptions were taken, and a motion for a new trial, and also a motion in arrest of judgment, were made and denied, the grounds of all which, together with further facts, appear in the opinions.

*John H. McKinley*, for the prisoner, appellant.—The jury may take with them any notes of the evidence taken by themselves and by no other person. *Code Crim. Pro.* § 426. After the jury retire, if they want any information of a point of law, arising in the cause, they must require the officer to conduct them into the court. After notice to the district attorney and defendant's counsel and in cases of *felony* in the presence of the prisoner. *Code Crim. Pro.* § 427. The judgment should be set aside from the final fact that contrary to law the jury held written communication with the presiding judge in this case pending their deliberation, the defendant not being present : Maurer *v.* People, 43 *N. Y.* 1 ; People *v.* Perkins, 1 *Wend.* 91 ; 2 *R. S.* 759 ; State *v.* Patterson, 45 *Vt.* 308 ; Taylor *v.* Bettsford, 13 *Johns.* 487 ; Hoberg *v.* State, 30 *Min.* 262 ; Plunkett *v.* Appleton, 51 *How.* 469.

A new trial should be granted because of the error of the court in limiting the time of counsel in summing up, to one-half an hour, and in allowing the district attorney to exceed the time allowed him, viz., twenty-five minutes.

The injury inflicted upon the complainant in the case, was done while defendant was in pursuit of another, and there was not any primary intent to strike or injure the complainant, and he becoming thus, as it were, accidentally the principal, the court erred in refusing to the defendant the privilege of showing the character general and specifically of the party he, the defendant, was pursuing. The foundation, therefore, being laid by defendant's statement that he was in fear of his life. Such evidence being part of the *res gestæ*, evidence of the desperate character of the man defendant was pursuing, is admissible. Wright *v.* State, 9 *Yerg.* 342 ; State *v.* Tackett, 1 *Hawks*, 210 ; Pritchell *v.* State, 22 *Ala.* 39 ; State *v.* Patterson, 45 *Vt.* 314 ; Harmon *v.* State, 3 *Head*, 243.

*Peter B. Olney*, district attorney, and *John Vincent*, (assistant), for the people, respondent.—The limit of time in which counsel are to sum up, rests in the sound discretion of the court ; it is not an absolute right to the counsel to prolong his speech to the detriment of the other business of the court.

People *v.* Cook, 8 *N. Y.* 67. The discretion was soundly exercised in this case.

The communication between the jury and court is no ground for new trial. There is no suggestion of its character, or that it was of a nature to prejudice defendant. Counsel for prisoner though present in court, when the message was delivered to the recorder was silent and raised no question.

The following opinions were delivered on appeal to the General Term :

DANIELS, J.—The exceptions taken in the case do not appear to present any point which can materially benefit the defendant. The inquiry made of the witness Strack, and answered by him, sufficiently showed his friendly relations with the prosecuting witness, and no more would have been proved by him if he had been permitted to answer the question when he handed him the three hundred dollars he collected and gave him ; the *important inquiries* which could by their answers in any manner affect his credit, had all been previously responded to. Neither was it important in any view of the case to prove that Strack had previously had difficulties with other persons, or that his general reputation as a man of violence, should be introduced into the case. Neither of these inquiries had any possible connection with the issue which was being tried, and the evidence was not offered to impeach his credit. The other objections and exceptions are still more clearly without any legal foundation, and need not therefore be considered. After the close of the trial, a motion was made in arrest of judgment, but as it was in neither of the causes mentioned in section 467 or 331 of the Code of Criminal Procedure, it could not regularly be entertained as such. It was not made upon anything appearing by the indictment or in the record of the proceedings in the case, and it was not therefore a motion in arrest of judgment, as that has been declared and defined, but it was in fact, as well as in form, a motion for a new trial made upon affidavits, but as such it was not within either of the subdivisions of section 465 of the Code of Criminal Procedure, for it was not made for either of the causes for which, within that section, a motion for a new trial can regularly be entertained.

The motion was made upon the ground that after the jury had retired to deliberate upon their verdict, and while they were under the charge of the officer for that purpose, a note or communication was sent from one of the jurors to the recorder who presided at the trial; that it was taken by him, and some writing or note was made by him and sent back to the jury; what this was—whether it related to the case, to the trial, the convenience or physical wants of the jury—was not made to appear; in fact there was no intimation or evidence whatever from which it could be inferred that it related in any manner to the case which the jury at the time were considering. But if a statement of the fact itself had been inserted in the case, an opportunity would have then been offered to the recorder to make an explanation disclosing the nature and extent of the communication; that was the course which regularly should have been pursued, for, as was held in Maurer *v.* People, 43 *N. Y.* 1, it was a part of the trial if the communication related to the case, and that course should have been taken regularly to present the point, instead of a motion for a new trial upon affidavits under section 465 of the Code Criminal Procedure, for neither of the subdivisions under that section have provided for such an application. But assuming the application in this form to have been regular, it did not entitle the defendant to another trial of the issue; for that purpose it should have been made to appear with some degree of probability at least, that the note or communication sent to the jury had some relation to the case they were considering. It is not to be presumed, in the absence of proof, that such was its character, for to indulge in that presumption, without evidence, would be to presume that the recorder violated his duties as a judge, and that presumption is not, without proof, to be entertained. The presumption of the law, on the contrary, is, that no official person acting under oath of office will do aught which is against his official duty to do, or will omit to do aught which his official duty requires should be done. Mandeville *v.* Reynolds, 68 *N. Y.* 528–534.

And that the communication did not relate to the case, may be assumed from the denial by the recorder of the motion upon the affidavits for a new trial. For if it had, it was his duty

under the authorities then probably brought to his attention, to set aside the verdict, which he would undoubtedly have done if the communication had any relation whatever to the case. To set aside the verdict without such proof would also violate another equally settled rule of law, and that is, that error must not be presumed, but must be shown; and in all the cases, with one exception, where a like point has been considered, *it was made to appear as a matter of fact that some communication was made by the justice or judge presiding at the trial, to the jury, in the absence of the party concerning the case.* Maurer *v.* People, *supra ;* Taylor *v.* Betsford, 13 *Johns.* 487 ; Plunkett *v.* Appleton, 51 *How.* 469.

It is true that very broad language was used upon this subject in Sargent *v.* Roberts, 1 *Pick.* 337, but it must be understood and construed as addressed to the case which was then before the court, and that was a case in which an important communication relating to the issue which the jury had in charge was made to them after they had retired, and in the absence of the parties. Hoberg *v.* State, 3 *Minn.* 262, is the only exception to this rule which has been found relating to this subject. In that case it appears that the judge visited the jury in their room, and that was held to be improper, although it was made to appear that he was there simply to inform them that they must come into court if they required any further information. This is an extreme case, carrying a legal technicality to a point where it could be of no substantial benefit either to the accused or the public; for it was entirely evident that no possible injury could result to him, from what was shown to have taken place. This case has not been followed by any other authority, and the legal propriety of the decision has been doubted by a distinguished and reliable author upon criminal law (1 *Bishop,* 2 ed. § 1000), where it was stated that all the courts would not hold such an irregularity, where nothing wrong was meant, or shown, to be a ground for a new trial, even though the individual making the communication was an indifferent person. And that it should not be a ground for a new trial is further supported by the general law that official misbehavior, or the irregularities of jurors themselves, will not allow the verdict to be set aside where no injury has

been produced by it to the parties complaining. Com. *v.* Roby, 12 *Pick.* 496–519 ; Whelchell *v.* State, 23 *Ind.* 89 ; Harrison *v.* Price, 22 *Id.* 165.

And this wholesome general principle has been made applicable to motions for new trials in criminal cases. For, by the language of section 465 of the Code of Criminal Procedure, the verdict is only to be set aside on a motion for that purpose, where the substantial rights of the accused have been prejudiced by it ; and by section 542 of the same Code, it has been extended to the disposition of appeals, which are required to be determined without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties. And as it is not to be presumed that the recorder was guilty of misconduct in sending the communication which he did to the jury, as he would have been if it related to the case, which it was not shown to have done, these provisions are directly applicable to the disposition of this appeal. The inquiry of the jury may have been concerning the temperature of their room, the probability of its continuance, their desire for refreshments, or the length of time to which the sessions of the court would be extended, or some other subject connected with their own convenience ; for such inquiries are frequently made by jurors to the court, and as they do not relate to the case itself, are considered proper subjects of an informal answer. And they may be answered in that manner without in the least degree prejudicing any right or interest of the accused. If this was not a communication of this description, the fact itself should in some manner have been shown, and it could have been done by a direct inquiry of the recorder himself, or by including a statement of it in the case, when an explanation of the subject would have been pertinent and proper. No injustice is done to the accused by requiring certainly as much as that from him, before an application of this character should be allowed to prove successful. The public interest in the administration of justice should not be defeated, as they would be by so extreme and technical construction of this act, as would be given to it if the inference should be drawn that the recorder had, as a fact, misconducted himself on this occasion. The facts themselves logically warrant no

such conclusion, and the rule established by all well-considered authorities precludes its adoption.

The judgment, therefore, should be affirmed.

DAVIS, P. J., concurs.

BRADY, J.—[Dissenting.]—The defendant was indicted and convicted of felonious assault, and sentenced to ten years imprisonment in the state prison. After the jury had retired, and while they were deliberating, a written communication was sent from them to the presiding justice, to which a written reply was sent. And on the day on which the prisoner was taken into court to be sentenced, and before such sentence was pronounced, the defendant's counsel moved for arrest of judgment on the ground that the verdict was contrary to the weight of evidence; that the court erred in refusing to charge the jury as requested by him; and for the reason that a communication had been sent to and answered by the court, in the absence of the prisoner, and without the consent of his counsel. No explanation was given either by the district attorney or the learned justice presiding at the time the motion was made, of the character of the communication or the response, and, therefore, whether it was material or immaterial, does not appear. It was not denied that such a communication was sent to the learned justice and responded to by him, but it is claimed by the district attorney in reference to the legal effect of such an incident, that there was no suggestion that the communication was of a nature to prejudice the defendant, or that it had any bearing on the case, but on the contrary that it was something probably relating to some trivial question, and that the point predicated of it is therefore valueless. The answer to this suggestion is that the character of the communication was unknown either to defendant or his counsel, and therefore it was impossible for either of them to say what it was; and if speculation may be indulged in, it may just as well be that it referred to the case as that it related to some trivial circumstance. An examination of the cases on the subject leads to the conclusion that the point presented by the appellant's counsel was well taken. In the case of Taylor v. Betsford, 13 *Johns.* 487, the

court say that the only error to be noticed was that the justice went into the room with the jury at their request, and privately, and apart from the parties, to answer certain questions proposed to him by the jury. The court said that they had repeatedly held such conduct to be erroneous, and that whether the information given by the justice was material, or had any influence upon the verdict of the jury, was a matter into which it would not inquire.

This case was cited with approbation in the case of the Watertown Bank and Loan Co. *v.* Mix, 51 *N. Y.* 558, in which the court decided that a party moving for a new trial on the ground of a communication between the judge and jury, without his knowledge or assent, was not bound to show affirmatively that such communication tended to his injury.

In the case of Plunkett *v.* Appleton, 51 *How.* 469, it was declared, and upon a consideration of all the authorities, which are quite numerous, that after the jury had retired for deliberation it is error for the judge trying the cause to send a communication to them; and in the case of Hoberg *v.* State, 3 *Minn.* 262, it was held that after the jury had retired to consider their verdict, the judge had no right to communicate with them without the consent of, and apart from the prisoner and his counsel, and that the rule applied even to cases when the communication from the judge to the jury was merely to inform them that if they wished any information on matters of law, they should come into the court and ask it. The result of a consideration of these authorities is that if any communication be made to the jury by the presiding justice in a criminal trial on an indictment amounting to felony, the prisoner is not bound to show, in order to entitle him to a new trial, that the communication was to his prejudice ; and if there be no evidence to show the character of the communication, as in this case, it necessarily follows that the verdict must be set aside and a new trial granted. Such is the order to be made in this case.

The following opinion was rendered by the court of appeals :

MILLER, J.—The defendant was tried at the court of general sessions, in the city of New York, upon an indictment containing two counts : one charging an assault with a deadly

weapon, with intent to kill, and the other an assault with a dangerous weapon, with intent to do bodily harm, and was convicted on the first count. After conviction the defendant moved for a new trial, which motion was denied, and a motion was then made for an arrest of judgment upon the same grounds as the motion for a new trial, and also upon an affidavit setting forth that the court had communicated with the jury in the absence of the defendant and his counsel, which motion was also denied, and an exception taken.

A motion in arrest of judgment must be made for some defect which appears on the face of the record, and cannot be based upon a mere affidavit, showing the existence of facts outside of the record, and which do not constitute a part of the same. This was the rule which prevailed before the enactment of the Code of Criminal Procedure. Under that code provision is made for motions of this kind. Under section 467 such a motion may be founded upon any defects in the indictment which are mentioned in section 331. That section declares that an objection to the jurisdiction of the court over the subject of the indictment, or that the facts stated do not constitute a crime, may be taken at the trial under the plea of not guilty, and in arrest of judgment. The motion here was not made upon the ground of any defect appearing in the indictment, or in the record of the proceedings upon the trial, and it cannot therefore be considered as a motion in arrest of judgment in accordance with the provisions of the Code already cited. The motion can only be considered as an application for a new trial made upon affidavits, and it cannot be entertained as a motion of that kind, under the Code, for, it is not brought within the provisions of either of the subdivisions of section 465, which regulate motions of that character.

The ground upon which the motion in arrest of judgment in this case, was made, as shown by the affidavit, was that a written communication was received from the jury, after retiring to their room, by the recorder, and that such communication was answered by him in writing. The nature of the communication between the jury and the court is not disclosed, and it nowhere appears, by the record in this case, that anything transpired by reason of such communication, which

affected the rights of the defendant, or that he was in any way injured thereby. There is no affirmative proof whatever to the effect that the correspondence had any relation to the defendant's case. As the matter stood, it is a fair assumption that there being no improper act done within the knowledge of the court, the recorder was entirely justified in refusing to grant the motion made upon any such ground, even if there was authority for such an act in the case presented. The true practice, it seems to us, would have been to make a statement of the facts presented by the affidavit as a part of the case, and exceptions proposed, and thus furnish an opportunity to the court to make an explanation disclosing the character of the communication. This was the regular course to pursue, and in this manner all the facts relating to the alleged correspondence would have been developed, and the record would have shown what actually did take place. What did take place, if it had any relation to the trial of the defendant, constituted a part and portion of the same, and should have been incorporated in the record if it affected in any way the rights of the defendant. This course would have been the proper one in accordance with the decision of this court in Maurer *v.* People, 43 *N. Y.* 1, and in this manner all the facts would have been presented, and the defendant would have received the benefit if any error had been committed by the court, or any wrong done to him. It may be remarked that, even if upon the motion the question was presented, it is by no means clear that the note or communication sent to the jury had any relation whatever to the case upon trial. The presumption is that there was no violation of duty on the part of the court. Without, however, deciding the question whether sufficient was shown, by the affidavit, to authorize the court to grant the motion in arrest of judgment, it is enough to say that that point, as the case stands, is not now presented for review.

Upon the cross-examination of the witness Strack, it was proved that he had collected money for, and given the same to the defendant. The question was then put, " When did you hand it to him ?" This was objected to, and excluded, and an exception taken. We think that this evidence was not material, and that there was no error committed by the court in exclud-

ing the same. The defendant had proved all that was essential to establish the relation which existed between this witness and the complainant, and the evidence, which was intended to be introduced by the question put, could not in any way affect the matter, and did not bear such a relation to the same as to render it admissible. We think there was no error committed in rejecting the testimony offered for the purpose of showing the character of the witness Strack, so far as it established violent acts on his part at other and different times. The evidence does not show that the assault was committed in self-defence, and the proof is that the defendant was pursuing another at the time the deed was done. If the assault had been committed in self-defense, it would have been competent to show the character of the complainant in justification of the assault made, but evidence as to the character of the witness Strack could have no bearing whatever on the case, and was properly excluded. The claim of the defendant's counsel that the defendant was in pursuit of Strack, and not the complainant, and that he accidentally assaulted the complainant, would not, under the circumstances presented, justify the admission of the evidence offered or relieve the defendant from liability for the offense committed.

There is, we think, no ground for the claim of the defendant that he was justified in taking complainant's life as a matter of self-defense, as he was not assailed at the time or driven to the wall, so as to render such an act a matter of necessity. The question of intent was one of fact for the consideration of the jury. We can discover no error in the charge made, or in the refusals to charge as requested.

It was insisted upon the argument, but not claimed in the printed points, that the court erred in limiting the defendant's counsel to thirty minutes in his address to the jury. It appears that when the counsel for the defendant proceeded to sum up, the court decided to limit him to half an hour, and the prosecution to twenty-five minutes. This was objected to, and the counsel began his address to the jury, and at the end of thirty minutes he was called upon to stop by the court. He stated he was not through. The court refused to permit him to proceed, and the counsel excepted to the ruling. The counsel for the

people then proceeded to address the jury, and continued until five minutes more than his allotted time had expired, when he was called upon to stop. The time which counsel are to occupy in presenting a case to the consideration of a jury necessarily must be, to a great extent, a matter in the discretion of the court. Were it otherwise, an unlimited period might be taken without any advantage to the client, and causing great delay in the proceedings of the court, and an injury to the administration of justice. The time to be used for such a purpose must therefore be a matter to be regulated by the presiding judge upon the trial, the same as any other proceeding during the progress of the case. It is to be presumed that the court will properly guard and protect the rights of parties, so that justice can be administered to all, and the judge is certainly a competent and the proper person to determine as to the time which would be required for a proper discussion and presentation of the case upon trial. Hence it follows that the court has a right to exercise a discretion in this respect, and unless such discretion is abused, it is not the subject of review in a higher tribunal. In the case at bar, the testimony lies within a narrow compass; not many witnesses were sworn, and the questions of fact presented were not numerous. The trial was commenced, and the evidence on both sides submitted on the same day. The principal defense interposed by the defendant was self-defense, and some evidence was introduced tending to show that the defendant, at times, had been affected in his mind so as to render him irresponsible for the act done. There was, however, no direct proof that such was the case at the time of the assault for which he was tried. Upon the whole case the testimony was not very complicated, and although a difference of opinion might exist among counsel and judges, as to the period of time which would be required for the proper presentation of the case for the defendant; yet we think it cannot be said that the judge upon the trial of this case, in the exercise of his functions, and having in view the gravity of the charge and the rights of the defendant, exceeded his powers or abused the discretion with which he was invested. There is no ground for claiming that justice was not impartially administered or that the time allowed was not entirely sufficient

to cover the case under the facts developed. The fact that the district attorney exceeded the time allowed him may have arisen from inadvertence, and does not tend in any way to establish that the discretion of the judge was improperly exercised. The counsel for the defendant had the right to ask the judge to stop him when his time had expired, and not having made that objection, he has no real ground of complaint.

As no ground of error is manifest, the judgment should be affirmed.

All concur except DANFORTH, J., not voting.

NOTE.—One or two cases seem to be in opposition to the current of authority that the court has the right to limit counsel in summing up within reasonable limits.

An instance of this is the case of Hunt v. State, 49 *Ga.* 255; 15 *Amer. Rep.* 677; in which a limitation to forty minutes was held error, and it was clearly intimated that any limitation was an infringement of the accused's right to the privilege of counsel. In view of the overwhelming number of cases to the contrary, this case can have little weight. Another Georgia case (Williams v. State, 60 *Ga.* 367; 7 *Amer. Rep.* 412), lays down the rule that the length of argument is not a matter of predetermination, but that when the discussion is complete and the subject is exhausted a stop may be ordered.

The court has a right to limit by reasonable regulations the arguments of counsel. Lynch v. State, 9 *Ind.* 541. And this rule applies to capital cases. State v. Collins, 70 *N. C.* 241; 16 *Amer. Rep.* 771.

On a trial for larceny where six witnesses were examined on behalf of defendant, it is error to limit arguments of counsel to five minutes. White v. People, 90 *Il.* 117; 32 *Amer. Rep.* 12.

On a trial for a felony, eleven witnesses were examined, taking half a day, and the evidence being circumstantial and conflicting. Two counsel were allowed thirty minutes each to sum up. Held, *error*. Dille v. State, 34 *Ohio*, 617; 32 *Amer. Rep.* 393; 3 *Hawley Crim.* 373.

After a trial of two days, and two adjournments of a day each, the argument was limited to five hours on each side. *Held*, that this was not an abuse of the power of the court. Weaver v. State, 24 *Ohio*, 584.