PEOPLE OF PUERTO RICO, Plaintiff and Appellee *v.* JUAN VARGAS, Defendant and Appellant.

No. 4879.  Argued November 23, 1932.—Decided November 30, 1932.

*R. Hernández Matos* for appellant.  *R. A. Gómez, Fiscal,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Juan Vargas was convicted by the District Court of Ponce of aggravated assault and battery and sentenced to two months in jail, with costs. Feeling aggrieved, he appealed. His brief contains but one assignment of error, as follows: ''The District Court of Ponce seriously erred in not permitting counsel for the accused to argue his case.'' The *Fiscal* of the Supreme Court agrees with appellant. His brief contains a careful study of the applicable law and jurisprudence.

The record shows that after the close of the evidence the following occurred:

"District Attorney: We submit our case.

"When counsel for the accused began to argue the case, the court stated:

"Judge: The Court does not require argument in order to weigh the evidence."

"Counsel for defendant: We take an exception to the order of the Court refusing to permit me to argue the case and stating that the case requires no argument.

"Judge: The Court repeats that it does not require argument in order to weigh the evidence, that there are no questions of law involved, but questions of fact, conflicting evidence; and the Court again repeats that, in view of his experience as a judge, he does not need the argument of defense counsel or of the prosecuting attorney in order to weigh the evidence.

"The accused will stand up. The Court finds you guilty of aggravated assault and battery and sentences you to two months in jail, with costs."

The right of the accused to have the assistance of counsel for his defense upon the trial of his cause is guaranteed by the Sixth Amendment to the Constitution of the United States, as follows: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." Similarly our Organic Act, section 2, provides: "That in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel for his defense." And our Code of Criminal Procedure, section 11, prescribes: "In a criminal action the defendant is entitled . . . (2) To be allowed counsel, or to appear and defend in person and with counsel."

This right was fully acknowledged by this Supreme Court in *People* v. *Plata*, 36 P.R.R. 530. It includes the argument of the case by counsel, so much so that it has been held that "the argument of a cause is as much a part of the trial as the hearing of evidence." *Meredeth* v. *People*, 84 Ill. 479, 480.

When the Code of Criminal Procedure prescribes the manner of conducting trials both in the district courts and before justices of the peace, the right of the parties to a hearing is

preserved. Subdivision 6 of section 233 of the said code expressly provides that "when the evidence is concluded, unless the case is submitted to the court or jury on both sides without argument . . . . the counsel for the defendant shall then argue to the court or jury likewise stating his whole argument in favor of the defense."

The decisions of the American courts are uniform not only as to the right of the accused to have the assistance of counsel for his defense, but also as to the holding that this right includes the argument of the case to the court or jury.

It has been recognized that the courts have power to limit, whether by rules previously established or reasonably in accordance with the circumstances of each case, the time for argument, but never to deny entirely the right to argue the case.

Thus, in *Walker* v. *The State*, 32 Tex. Crim. Rep. 175, 22 S.W. 685, it was held that "while the trial court has the right to limit argument, it cannot be arbitrarily limited so as to prevent counsel for defendant from presenting his case to the jury fully and fairly, merely because, in the opinion of the court, the evidence is so clear that argument cannot vary the result." 25 L.R.A. (N.S.) 1028, note.

In the case of *City of Seattle* v. *Erickson,* the Court of Appeals of Washington said:

"We think, also, that a mere statement of the issues and testi-mony shows that the court did not abuse its discretion in limiting the time for argument before the jury. A person accused of crime has a constitutional right to be heard by counsel, and of this right the court may not deprive him; but at the same time the power of the court to regulate the exercise of the right by reasonable rules and regulations is no longer questioned. 'In the absence of statutory provisions prescribing the practice, it rests in the sound discretion of the court to put a proper limit to the time to be consumed by counsel in argument, a discretion with which an appellate court will not interfere unless the time was made so short as to be manifestly

prejudicial to the rights of the party complaining.' 2 Enc. Pl. & Pr. p. 701. The rule is thus stated in *People* v. *Kelly*, 94 N. Y. 526: 'The time which counsel are to occupy in presenting a case to the consideration of a jury necessarily must be, to a great extent, a matter in the discretion of the court. Were it otherwise, an unlimited period might be taken without any advantage to the client, and causing great delay in the proceedings of the court, and an injury to the administration of justice. The time to be used for such a purpose must therefore be a matter to be regulated by the presiding judge upon the trial, the same as any other proceeding during the progress of the case. It is to be presumed that the court will properly guard and protect the rights of parties so that justice can be administered to all, and the judge is certainly a competent and the proper person to determine as to the time which would be required for a proper discussion and presentation of the case on trial. Hence it follows that the court has a right to exercise a discretion in this respect, and unless such discretion is abused it is not the subject to review in a higher tribunal.' In *State* v. *Page*, 21 Mo. 257, 64 Am. Dec. 229, after tracing the practice of limiting the time for argument in judicial proceedings back to ancient Greece and Rome, the court said: 'We conclude, therefore, that a quarter of an hour allowed to a modern orator in a petty case of cutting down timber on the school lands cannot be considered as an inhibition to be heard in defense of his client.' Within these rules we do not think that any abuse of discretion has been manifested here. Counsel for appellant cite *State* v. *Mayo*, 42 Wash. 540, 85 Pac. 251, 7 A. & E. Ann. Cas. 881, in support of the claim that there was an abuse of discretion on the part of the court below; but in the Mayo Case the accused was on trial for his life, the trial was long and tedious, and the testimony voluminous. Such a case forms no criterion for a simple case like this.'' 25 L.R.A. (N. S.) 1027, 1030.

It is not necessary to refer to any other cases. Both parties in their briefs cite very interesting cases in point. The question involved is clear. The record shows that the court absolutely denied defendant the right accorded to him by the law and the jurisprudence. This being so, the judgment of the district court may not stand. It must be reversed, and the case remanded for a new trial.