■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT L. FLETCHER, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: The indictment charged appellant with uttering a forged doctor's prescription with intent to defraud and with knowledge that it was forged (Penal Law, §§ 880, 889-b). Where the utterer and the forger of the instrument are one and the same person his knowledge of the forgery is obvious (2 Burdick, Law of Crime, § 671), but otherwise guilty knowledge must be proved (*People* v. *Underhill*, 142 N. Y. 38, 46; *People* v. *Petty*, 14 A D 2d 16; *People* v. *Abeel*, 45 Misc. 86, 93). While such knowledge may be established by the circumstances of the case (*People* v. *Valentine*, 147 App. Div. 31, 35), there is here no such proof. It might have been found from the proof that the prescription was forged and appellant presented it to the druggist to be filled. Completely lacking is proof from which it might be inferred that defendant knew the writing was a forgery. (Appeal from judgment of Erie County Court convicting defendant of forging a doctor's prescription.) Present — Bastow, J. P., Goldman, Del Vecchio, Witmer and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MUHAMMED NAJUIB, Appellant.— Order unanimously reversed and matter remitted to Erie County Court for a hearing in accordance with the following Memorandum: Petitioner has alleged that he was promised by his court assigned lawyer and the District Attorney that if he should plead guilty he would be given a light sentence, that in reliance thereon he did plead guilty, but the sentence was not light as promised. Although from the petition as a whole it is not clear that petitioner contends that this alleged promise was made after the indictment to which he pled "not guilty", we believe that the allegations entitle him to a hearing. (*People* v. *Picciotti*, 4 N Y 2d 340; *People* v. *Gleason*, 18 A D 2d 959.) (Appeal from order of Erie County Court denying, without a hearing, motion to vacate judgment of conviction for robbery, second degree, rendered June 21, 1957.) Present — Bastow, J. P., Goldman, Del Vecchio, Witmer and Henry, JJ.