The People of the State of New York, Respondent,
against
Amadou Mbaye, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Laurie Peterson, J.), rendered April 23, 2014, convicting him, upon a plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Laurie Peterson, J.), rendered April 23, 2014, reversed, on the law, accusatory instrument dismissed and surcharge, if paid remitted.
In view of defendant's knowing waiver of his right to prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518 [2014]). Even when viewed under the more liberal standard, the accusatory instrument was jurisdictionally defective since it failed to allege "facts of an evidentiary character" (CPL 100.15[3]) demonstrating "reasonable cause" to believe (CPL 100.40[4][b]) that defendant was guilty of criminal possession of a forged instrument in the third degree (see Penal Law § 170.20). In this connection, the factual portion of the accusatory instrument stated that the arresting police officer, based upon his training and experience, recognized the "International Driver's License" recovered from defendant's wallet as a "forged instrument" because "there is no such valid document as an International Driver's License"; there is only "an International Driver's Permit, but that document is a paper pamphlet, whereas this forged International Driver's License is a laminated flat card."
The quoted facts, even when taken together with all reasonable inferences which can be drawn from those facts (see People v Jackson, 18 NY3d 738, 747 [2012]), do not give rise to the inference that defendant possessed the "forged" license with the knowledge and intent required by the Penal Law § 170.20. It need be emphasized that nowhere in the accusatory instrument does the deponent police officer set forth any underlying "conduct and events" from which defendant's knowledge of the forged nature of the license can be inferred, such as "how or where [*2]the [license] came into defendant's possession" (People v Johnson, 65 NY2d 556, 561-562 [1985]), or whether the license was in defendant's name or contains his photograph (see People v Fletcher, 29 AD2d 838 [1968]; cf. People v Rodriguez, 17 NY3d 486 [2011]). Nor does the pleading set forth any conduct of defendant or surrounding circumstances from which his intent to defraud, deceive or injure another can be inferred (see People v Rodriguez, 17 NY3d 486, 489 [2011]). On the facts alleged, defendant's knowledge and intent may not be imputed solely by his mere possession of the forged document (see People v Rodriguez, 17 NY3d at 489; People v Bailey, 13 NY3d 67, 71-72 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 26, 2016