■ The People of the State of New York, Respondent, v Shannon Dallas, Appellant. [848 NYS2d 132]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered June 24, 2005, convicting defendant, after a jury trial, of criminal possession of a forged instrument in the second degree (12 counts), and sentencing him to concurrent terms of $2^{1}/_{3}$ to 7 years, affirmed.

Defendant's conviction in this case followed his prosecution and conviction in Kings County on four counts of criminal possession of a forged instrument in the second degree. Defendant's prosecution in New York County for the possession of 12 counterfeit documents did not violate his constitutional double jeopardy rights because the Kings County prosecution dealt with separate offenses arising out of his possession and sale of a different set of counterfeit documents (*see Blockburger v United States*, 284 US 299 [1932]; *People v Latham*, 83 NY2d 233, 238 [1994]).

Nor was there a violation of defendant's statutory protection against double jeopardy. The sale of false identification documents in Brooklyn, and the possession in Manhattan of additional documents of the same nature for the purpose of sale to other persons, were not so closely related as to constitute a single "criminal transaction" (*see* CPL 40.10 [2]; *People v Crandall*, 161 AD2d 890, 891-892 [1990]). The fact that defendant was in the business of selling counterfeit identifications, and that his conduct in both counties may have been admissible in both prosecutions pursuant to *People v Molineux* (168 NY 264 [1901]), did not make his possession of different documents at different times a single criminal transaction (*see People v Vesprey*, 183 AD2d 212, 216 [1992], *lv denied* 81 NY2d 894 [1993]; *People v Luongo*, 47 NY2d 418, 430 [1979]). Furthermore, there was no theory under CPL 20.40 that would have given Kings County geographical jurisdiction over the New York County conduct, or vice versa (*see Matter of Taub v Altman*, 3 NY3d 30, 32-33 [2004]; *People v Leonard*, 106 AD2d 470 [1984], *lv denied* 64 NY2d 1020 [1985]). Since the Kings County and New York County crimes were not joinable in a single accusatory instrument (*see People v Lindsly*, 99 AD2d 99, 102 [1984]), subsequent prosecution of the New York crimes was not statutorily barred (*see* CPL 40.40).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence supported the conclusion that defendant possessed forged instruments "with intent to defraud, deceive or injure another" (Penal Law § 170.25). While not intending to use the false identity documents himself, he clearly intended to sell them to others for profit. We reject defendant's argument that there was a lack of proof he shared whatever fraudulent intent his prospective purchasers might have had. The only conceivable purpose for these items, including a set of documents creating two different identities for the same person, was that they would be passed off as the genuine articles in order to deceive or defraud anyone to whom they were presented, and there would be no reason for anyone to buy them without planning to use them in that manner. Thus it could be inferred not only that defendant expected or believed it likely that the documents would be used for fraudulent purposes, but also that by intending to sell the documents, defendant additionally intended what he knew to be the inevitable consequences of such sales. Furthermore, as a merchant of false documents, defendant had an interest in having his customers successfully use his products for their intended purpose.

The dissent's narrow reading of the statutory language does not persuade us. As the dissenter implicitly concedes, a seller of forged documents may, and, in many circumstances will, share the buyer's intent that the documents be used "to defraud, deceive or injure another." The fact that the dissent's hypothetical seller of forged documents might not share such intent in a particular instance is beside the point, since a rational jury could have determined, and in this case did determine, that this defendant shared his customers' intent to defraud, deceive or injure.

In any event, the law is clear that the statutory element of intent to defraud does not require an intent to defraud any particular person; a general intent to defraud any person suffices (*People v Anderson*, 210 App Div 59, 75 [1924], *affd* 239 NY 534 [1924]; *see also People v Cassidy*, 133 AD2d 374, 377 [1987], *lv denied* 70 NY2d 953 [1988]). Nor does the statute require that the defendant actually attempt to use the forged documents in order to prove an intent to defraud, deceive or injure (*see* Penal Law § 170.25 [statute satisfied when defendant, "with knowledge that it is forged and with intent to defraud, deceive or injure another, (presents) *or possesses* (a) forged instrument"]; *see also People v Dales*, 285 App Div 214, 217 [1955], *affd on other grounds* 309 NY 97 [1955] ["an intent to defraud arising

in connection with a forgery need not necessarily be an intent to defraud the party directly affected by the forgery itself"]). Accordingly, a defendant can have the "conscious objective" (Penal Law § 15.05 [1]) to defraud, deceive or injure another while knowingly possessing a forged document even without the intent to personally use it. Concur—Tom, J.P., Mazzarelli, Sullivan and Gonzalez, JJ.

McGuire, J., concurs in a separate memorandum as follows: I agree with the majority's discussion and rejection of defendant's double jeopardy claims. I write separately because I do not agree with the majority's discussion of the sufficiency of the evidence to establish an essential element of criminal possession of a forged instrument in the second degree (Penal Law § 170.25), namely the requirement that a forged instrument be possessed "with intent to defraud, deceive or injure another" (*id.*).

As the People correctly maintain, they were not required to prove that defendant had the intent to defraud any particular person or entity (*see People v Dales*, 285 App Div 214, 217 [1955], *affd on other grounds* 309 NY 97 [1955]). Nor, as the People also argue, were they required to prove that defendant actually presented the forged instrument to others. But the People were required to prove that defendant possessed the nine forged California driver's licenses (ostensibly issued to a total of seven individuals, with two licenses bearing the same person's name and two other licenses bearing another person's name), the one forged California identification card (containing a photograph but a different name of one of the individuals depicted in one of the licenses) and the two forged United States Social Security cards, with the "conscious objective" (Penal Law § 15.05 [1]) "to defraud, deceive or injure another" (Penal Law § 170.25).

Contrary to the People's position, they did not meet that burden with the overwhelming evidence adduced at trial that, as they put it, "defendant was engaged in the business of selling high-quality counterfeit identification to others." Without question, the People proved that defendant possessed these forged instruments under circumstances evincing knowledge that some person intended "to defraud, deceive or injure another" with them. But the statute specifies that the People must prove that defendant himself possessed the forged instruments "with intent to defraud, deceive or injure another." That statutory language must be given effect in accordance with its plain meaning (*Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 91 [2001]). We cannot read into the statute a broader mens rea provision, one that

would permit a conviction if defendant possessed a forged instrument "under circumstances evincing an intent to defraud, deceive or injure another or knowledge that some person intends to use the same to defraud, deceive or injure another" (*see Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 394 [1995] ["Moreover, 'a court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact' "], quoting McKinney's Cons Laws of NY, Book 1, Statutes, § 363, at 525).[1]

The majority concludes that because the "only conceivable purpose" of anyone purchasing one of the forged documents from defendant is to use it "to defraud, deceive or injure" someone, "it could be inferred not only that defendant expected or believed it likely that the documents would be used for fraudulent purposes, but also that by intending to sell the documents, defendant additionally intended what he knew to be the inevitable consequences of such sales." An expectation or belief that others would use the documents "to defraud, deceive or injure" is not tantamount to a conscious objective "to defraud, deceive or injure another." A person who sells an illegal weapon may know or believe it likely that the buyer intends to use it unlawfully against another, but the seller certainly may be indifferent about, rather than share in, the buyer's intent. The majority's reasoning is flawed because it glosses over a distinction the Legislature was careful to recognize in defining the crime of criminal facilitation. That crime "is addressed to a kind of accessorial conduct in which the actor aids the commission of a crime with knowledge that he is doing so but without any specific intent to participate therein or to benefit therefrom" (Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 115, at 143, quoting Staff Notes of Commn on Rev of Penal Law, 1964 Proposed NY Penal Law, McKinney's Spec Pamph [1964], at 328).

I agree completely with the last paragraph of the majority's

---

1. The Legislature, moreover, certainly knows how to draft a criminal statute with such a broader mens rea element. Thus, the crime "Possession of burglar's tools" specifies that it is committed when a burglar's tool is possessed "under circumstances evincing an intent to use or knowledge that some person intends to use the same in the commission of an offense of such character" (Penal Law § 140.35). Another of the crimes defined in Penal Law article 170, "Criminal possession of forgery devices," provides that a person is guilty of this crime when, inter alia, "[w]ith intent to use, *or to aid or permit another to use*, the same for purposes of forgery, he makes or possesses any device, apparatus, equipment or article capable of or adaptable to such use" (Penal Law § 170.40 [2] [emphasis added]).

writing. I also concede that circumstances can be conceived in which a seller of forged documents does share the buyer's intent "to defraud, deceive or injure another." But I concede nothing about—and know nothing about—the frequency with which the seller will share that intent with the buyer. Unless I am much mistaken, the majority does not dispute either that the seller need not share such an intent of the buyer or that the seller can be indifferent to such an intent (or any other intent) of the buyer. Nor is it my position that insufficiency of the evidence is established merely because there is no necessary relationship between the seller's state of mind and an intent on the part of the buyer "to defraud, deceive or injure another." Rather, my position is that the evidence in this case established that defendant was in the business of selling forged identification documents and that nothing in the evidence could lead a rational jury to determine that defendant had the "conscious objective"—i.e., shared the intent his customers presumably had—"to defraud, deceive or injure another." Not surprisingly, the majority does not point to anything in the evidence that would either distinguish defendant from anyone else who sells such documents or support a reasonable inference that defendant had the requisite intent "to defraud, deceive or injure another."[2]

Nevertheless, the conviction should be affirmed because defendant's challenge to the sufficiency of the evidence is not preserved for review. At the conclusion of the People's case, defendant moved for a trial order of dismissal, arguing simply that "[i]t's our position that the district attorney has not put evidence before the Court that supports each and every element of the crime charged." After the prosecutor was heard in opposition, defense counsel added only that he believed the prosecutor was "relying on some inference that she's hoping that the jury makes with regard to the element of intent to deceive or defraud." The court noted that it was "perfectly true" that the prosecutor was relying on an inference and

---

2. The majority's reference to "the dissent's hypothetical seller of forged documents" is curious. The prosecution tried this case on the theory that defendant was in the business of selling forged documents. Indeed, at the very outset of the prosecutor's arguments in summation on *mens rea*, the prosecutor argued as follows: "First of all, it's clear that the defendant was selling forged licenses." Thereafter, the prosecutor went on to marshal the evidence supporting that argument. On appeal, the People reiterate the point, and even stress that "defendant concedes on appeal . . . [that] the trial evidence established his intent to sell the counterfeit cards." Indeed, the majority itself takes pains to note that defendant "clearly intended to sell [the false identity documents] to others for profit." In short, the "dissent's hypothetical seller of forged documents" is hardly an abstraction.

denied the motion. Having failed to make any assertion about either specific deficiencies in the evidence or specific requirements of the crime with which he was charged, defendant's challenge to the sufficiency of the evidence is not preserved for review (*People v Hines*, 97 NY2d 56, 62 [2001] [to preserve a challenge to the sufficiency of the trial evidence, the defendant's motion to dismiss must contain argument " 'specifically directed' at the alleged error"], quoting *People v Gray*, 86 NY2d 10, 19 [1995]).

Furthermore, defendant voiced no objection at trial to the court's instruction to the jury on the elements of the crime of possession of a forged instrument in the second degree. Accordingly, any challenge to the sufficiency or the weight of the evidence must be evaluated according to the court's charge as given (*see People v Sala*, 95 NY2d 254, 260 [2000]; *People v Noble*, 86 NY2d 814, 815 [1995]). Both in its main charge and in an instruction responsive to a request from the jury regarding the elements of the crime charged, the trial court charged the jury that the crime had two elements. According to the court, the first element was the defendant's possession of the particular document charged in the count and that it was a forged instrument, and the second element was that "the defendant did so with the knowledge it was forged, with the intent to defraud, deceive or injure another." The court never expressly instructed the jury that the People had to prove that defendant "did so with the knowledge it was forged *and* the intent to defraud, deceive or injure another." Thus, the jury could have concluded that if the prosecution proved beyond a reasonable doubt that defendant possessed each document with knowledge that it was forged, the prosecution thereby also proved "the intent to defraud, deceive or injure another." Nor did the court otherwise make clear that knowledge the instrument was forged and intent "to defraud, deceive or injure another" were distinct mental states and that the People were required to prove both of them beyond a reasonable doubt.[3]

---

**3.** By contrast, in a charge conference the court told the parties it intended to instruct the jury that the People were required to prove that defendant possessed a forged instrument "with the knowledge that it was forged *and* with the intent to defraud, deceive or injury another" (emphasis added), and asked the parties if that language was acceptable.