■ The People of the State of New York, Respondent, v Eric Bailey, Appellant. [854 NYS2d 719]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered March 24, 2006, convicting defendant, after a jury trial, of criminal possession of a forged instrument in the first degree and two counts of attempted grand larceny in the fourth degree, and sentencing him to an aggregate term of 1½ to 4½ years, unanimously affirmed.

We reject defendant's challenges to the sufficiency and weight of the evidence supporting the "intent to defraud, deceive or injure another" element (Penal Law § 170.30) of his forged instrument conviction (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The totality of the evidence, including defendant's statement to the police evincing a consciousness of guilt, and

the lack of any reason for defendant to be carrying counterfeit bills in a shopping district other than to pass them, supported the inference that he possessed the bills with the requisite intent (*see People v Dallas*, 46 AD3d 489, 491 [2007]).

The court properly denied defendant's motion to suppress the statement he volunteered to the police prior to receiving *Miranda* warnings. During routine arrest processing and vouchering of property, two officers conversed with each other, within earshot of defendant, about the fact that the bills recovered from his pocket were counterfeit. This did not constitute the functional equivalent of interrogation, and defendant's spontaneous response was therefore not subject to suppression (*People v Atkins*, 273 AD2d 12, 13 [2000], *lv denied* 95 NY2d 960 [2000]).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]). Defendant's prior convictions were highly probative of his credibility, and the court minimized their prejudicial effect by precluding elicitation of their underlying facts.

Defendant's challenge to the jury charge is unpreserved and we decline to review it in the interest of justice. Concur—Tom, J.P., Saxe, Nardelli and Williams, JJ.