[915 NE2d 611, 886 NYS2d 666]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BAILEY, Appellant.

Argued May 6, 2009; decided June 11, 2009

## POINTS OF COUNSEL

*Bryan Cave LLP,* New York City (*John D. Kircher* of counsel), and *Office of the Appellate Defender* (*Richard M. Greenberg* and *Eunice C. Lee* of counsel), for appellant. I. Mr. Bailey's conviction for criminal possession of a forged instrument in the first degree should be reversed because the evidence, which established only possession, was legally insufficient to prove that he intended to defraud, deceive or injure another person through the use of a forged instrument. (*People v Danielson,* 9 NY3d 342; *People v Washington,* 8 NY3d 565; *People v Conway,* 6 NY3d 869; *People v Castillo,* 47 NY2d 270; *People v Pena,* 50 NY2d 400; *People v Lewis,* 275 NY 33; *People v Vesprey,* 183 AD2d 212; *People v Stevens,* 109 NY 159; *People v Atkinson,* 21 AD3d 145, 7 NY3d 765; *People v Briggins,* 50 NY2d 302.) II. Mr. Bailey's pre-*Miranda* statement, made while he was in custody and in response to police comments, should have been suppressed as the result of an unlawful interrogation. (*Brown v Illinois,* 422 US 590; *Berkemer v McCarty,* 468 US 420; *People v Anderson,* 69 NY2d 651; *Rhode Island v Innis,* 446 US 291; *People v Velasquez,* 68 NY2d 533; *People v Maerling,* 46 NY2d 289, 64 NY2d 134; *People v Ferro,* 63 NY2d 316; *People v Stoesser,* 53 NY2d 648; *People v Douglas,* 124 AD2d 815, 133 AD2d 167.)

*Robert M. Morgenthau, District Attorney,* New York City (*Olivia Sohmer* and *Alan Gadlin* of counsel), for respondent. I. Defendant's statement was properly admitted, as it was not the product of interrogation or its functional equivalent. (*Miranda v Arizona,* 384 US 436; *People v Ferro,* 63 NY2d 316; *Rhode Island v Innis,* 446 US 291; *People v Rivers,* 56 NY2d 476; *People v Davis,* 32 AD3d 445; *People v Lawrence,* 25 AD3d 498; *People v Atkins,* 273 AD2d 12; *People v McMickel,* 251 AD2d 155; *People v McConnell,* 233 AD2d 867; *People v Wilson,* 210 AD2d 520.) II. The totality of the circumstances proved at trial provided legally sufficient evidence that defendant possessed the counterfeit bills with intent to defraud, deceive or injure another. (*People v Santi,* 3 NY3d 234; *People v Cintron,* 95 NY2d 329; *People v Acosta,* 80 NY2d 665; *People v Tejeda,* 73 NY2d 958; *People v Kennedy,* 47 NY2d 196; *People v Montanez,* 41 NY2d 53; *People v Steinberg,* 79 NY2d 673; *People v Barnes,* 50 NY2d 375; *People v Castillo,* 47 NY2d 270; *People v Norman,* 85 NY2d 609.)

**OPINION OF THE COURT**

JONES, J.

The question before the Court is whether the evidence was legally sufficient to convict defendant of criminal possession of a forged instrument in the first degree. We hold that it was not.

Due to reports of increased thefts in Midtown Manhattan, a plainclothes team of officers, including Police Officer Murphy and Sergeant Fressle, was on the lookout for pickpockets. Defendant Eric Bailey caught their attention. The team observed him enter and leave eight fast food restaurants in the 34th Street area. In the various restaurants he entered, defendant walked around the dining area, looked around, but never looked at the menu or made a purchase. In one restaurant, he was observed attempting to take the purse of a female customer by sticking his hand through a partition which separated his seat from this customer. Apparently sensing his hand near her purse, the woman moved the purse and put it on her lap. Defendant was later observed in another restaurant where he sat, back-to-back, with another woman customer. In this encounter, the team observed him extend his arms around his chair in an attempt to reach her handbag. Later, they noticed that her coat pocket had been turned inside out. Following these observations, defendant was placed under arrest. At the precinct, defendant was searched by Sergeant Fressle and three counterfeit $10 bills were recovered from his pocket. When Sergeant Fressle recovered the bills he handed them to Officer Murphy who remarked that the bills were counterfeit. Defendant overheard the remark and reportedly said, "[y]ou got me for the counterfeit money, but I didn't have my hand near the purse." Defendant moved prior to trial to suppress the statement. Although defendant had not received *Miranda* warnings, the trial court denied the motion to suppress his statement on the ground that it was voluntary and not the result of interrogation or police conduct reasonably likely to elicit an incriminating response. The court found that the police officer's remark to his fellow officer was "merely a interjection of the briefest sort occurring during arrest processing after Fressle found the ten-dollar bills during the search."

After a jury trial, defendant was convicted of two counts of attempted grand larceny in the fourth degree and possession of a forged instrument in the first degree. Defendant moved to set aside the verdict on the forgery count, arguing that the

evidence was insufficient to prove that he had the culpable mental state necessary to commit the crime. Under Penal Law § 170.30, "[a] person is guilty of criminal possession of a forged instrument in the first degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses any forged instrument of a kind specified in section 170.15."[1] In support of the motion, defendant argues that the evidence was insufficient to prove his "intent to defraud, deceive or injure another."

In opposition, the People argue that defendant's statement was proof of his knowledge that the bills were counterfeit and consequently evidence of his criminal intent. In finding the evidence legally sufficient, the trial court dismissed the motion and concluded, "[w]hy would Bailey, already embarked upon a brazen effort to commit theft, carry currency in his pocket that he knew to be bogus unless his plan was to pass it off to an unsuspecting storekeeper, newsvendor, or fast food worker?"

The Appellate Division affirmed defendant's conviction on all three counts (50 AD3d 343 [2008]). Relying on *People v Danielson* (9 NY3d 342 [2007]), the court rejected defendant's challenges to the sufficiency and weight of the evidence supporting the "intent" element of Penal Law § 170.30 of his forged instrument conviction. The court reasoned that the totality of the evidence, including defendant's statement to the police evincing a consciousness of guilt, and the lack of any reason for the defendant to be carrying counterfeit bills in a shopping district other than to pass them, supported the inference that he possessed the bills with the requisite intent. A Judge of this Court granted defendant leave to appeal (11 NY3d 785 [2008]) and we now modify by dismissing the possession of a forged instrument count.

"A verdict is legally sufficient when, viewing the facts in a light most favorable to the People, there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (*Danielson*, 9 NY3d at 349 [citations and internal quotation marks omitted]). A sufficiency inquiry

---

1. Penal Law § 170.15 provides in relevant part that
   "A person is guilty of forgery in the first degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent if completed:
   "1. Part of an issue of money . . . ."

requires a court "to marshal competent facts most favorable to the People and determine whether, as a matter of law, a jury could logically conclude that the People sustained [their] burden of proof" (*id.* at 349). In viewing the facts in this case we hold that the proof was legally insufficient as to intent.

The People argue that it was reasonable for the jury to infer defendant's intent to defraud, deceive or injure another with counterfeit bills because of his knowledge that he possessed counterfeit bills and his attempt to steal property in a commercial district. The People rely on *People v Bracey* (41 NY2d 296 [1977]) and *People v Dallas* (46 AD3d 489 [1st Dept 2007]) for support. However, the People's reliance on these cases is misplaced.

In *Bracey*, two defendants, after exiting a car which had its license plate removed, entered a store armed with a gun concealed in a bag. They made a token purchase in the store and looked around. Once they left the store, they split up and exchanged the bag with the gun. One defendant drove the car around the block and parked it down the street from the store. The second defendant entered the store with the gun drawn. In determining that defendants were properly convicted at their jury trial, this Court noted: "Under all the circumstances the jury could well find that the defendants, who acted together throughout, had reconnoitered the store and returned to rob it. In fact the only thing that could have made this intention plainer was an actual demand for money" (*Bracey*, 41 NY2d at 302). In *Dallas*, the defendant possessed 12 forged documents including multiple documents in the name of one individual which he admitted that he intended to sell to other persons.

Clearly, *Bracey* and *Dallas* are distinguishable from the case at bar. In those cases, the criminal intent is specific to the very crime they committed. Here, the only reasonable inference to be drawn by the jury is that defendant's conduct was common to larceny, a crime completely unrelated to possession of a forged instrument.

There is no dispute that defendant's inculpatory statement proved that he knew the bills were counterfeit. However, knowledge alone is not sufficient to hold defendant criminally liable for possessing a forged instrument. Knowledge and intent are two separate elements that must each be proven beyond a reasonable doubt by the People. Simply put, drawing the inference of defendant's intent from his knowledge that the bills were counterfeit improperly shifts the burden of proof with respect to

intent from the People to the defendant. Stated another way, by ruling that the evidence was sufficient to sustain defendant's conviction of possession of a forged instrument, the lower courts have effectively stripped the element of intent from the statute and criminalized knowing possession.

In addition, we reject the People's argument that the requisite intent for possessing a forged instrument can be drawn from defendant's presence in a shopping district, his possession of counterfeit bills, and his larcenous intent. Both the trial court and the Appellate Division questioned why the defendant was in a shopping area with the bills. They concluded defendant lacked a reason, other than to pass them. However, the intent to commit a crime must be specific to the crime charged (*see e.g. People v Morales*, 130 AD2d 366 [1st Dept 1987] [where proof of the intent to injure a victim, which is sufficient to establish assault, may not be relied upon to establish the culpability requirements of robbery]).

Furthermore, when the Legislature intends for there to be a presumption or inference of intent by mere possession, it so specifies in the statute. In Penal Law § 170.27, which relates to forged credit and debit cards, the statute provides that a person who possesses two or more such cards is "presumed to possess the same with knowledge that they are forged and with the intent to defraud, deceive or injure another." Similar statutory presumptions of intent are found in other Penal Law statutes (*see e.g.* Penal Law § 158.00 [2] [a] [relates to welfare fraud—"A person who possesses five or more public benefit cards in a name or names other than his or her own is presumed to possess the same with intent to defraud, deceive or injure another"]; Penal Law § 235.10 [2] [relates to promotion of obscene articles—"A person who possesses six or more identical or similar obscene articles is presumed to possess them with intent to promote the same"]). Unlike these statutes, there is no statutory presumption regarding counterfeit bills. The Legislature could have easily created such a presumption. Instead, it required the People to prove not only that defendant knew the bills were counterfeit but that he intended to use them to defraud, deceive or injure another.[2]

Defendant's remaining argument regarding the admission of the statement lacks merit.

---

2. In fact, it can be argued that the evidence proves the lack of intent to pass counterfeit bills. The police observed defendant for at least 1½ hours, in

Accordingly, the order of the Appellate Division should be modified by dismissing the count of the indictment charging criminal possession of a forged instrument in the first degree and remitting to Supreme Court for resentencing and, as so modified, affirmed.

PIGOTT, J. (dissenting in part). Although the majority has set forth the proper standard of review to be applied in this case, I nevertheless respectfully dissent because I believe both the trial court and the Appellate Division correctly applied that standard and reached the correct decision.

In my view, the majority's analysis is clouded by the fact that defendant was charged with the two purse-snatching misdemeanors in addition to felony possession of a forged instrument. The majority seems to conclude that because defendant was up to a different larcenous escapade at the time of his arrest, the sufficiency of the evidence with respect to the forgery is weakened or lacking. I disagree. Indeed, had the People elected not to pursue the two attempted purse-snatching charges, the intent element of the possession of a forged instrument charge becomes clear.

The People were required to prove that defendant knowingly possessed the counterfeit bills with the "intent to defraud, deceive or injure another" (Penal Law § 170.30). As the majority notes, the defendant's intent must be specific to the crime (*see* majority op at 72), but the specific intent required for possession of a forged instrument is a state of mind that may be inferred from defendant's actions and the surrounding circumstances (*see e.g. People v Barnes*, 50 NY2d 375, 381 [1980]). The intent to defraud or deceive need not be targeted to any specific person; a general intent to defraud suffices (*see People v Dallas*, 46 AD3d 489, 491 [1st Dept 2007]). Nor does the statute require the People to prove that defendant attempted to use the counterfeit bills. They need only show that defendant possessed the counterfeit bills with the requisite mental state.

Here, the relevant evidence shows that defendant was going from one fast food restaurant to another in a busy shopping district. He was carrying the counterfeit bills in his pants pocket—where one would ordinarily carry spending money. All

which he never made a purchase, looked at a menu, stood in line nor did he approach a counter. If anything, we can infer that his sole intent was to steal real currency from unsuspecting customers. The evidence provided by the People only gives rise to suspicion and conjecture that defendant intended to pass or utter the counterfeit bills (*see People v Lewis*, 275 NY 33 [1937]).

the while, he was engaging in larcenous behavior. Upon his arrest, he admitted "[y]ou got me for the counterfeit money," and then stated "but I didn't have my hand near the purse." The majority, as well as the defendant, concede that this statement proves that defendant knew the bills were counterfeit. But it does more—it shows that defendant had a guilty mind with respect to his possession of the bills. Under these circumstances, it was reasonable for the jury to conclude that there was no other logical explanation for defendant's possession of the bills, except to pass them when the opportunity arose.

Accordingly, viewing the evidence in the light most favorable to the People, I believe the evidence was legally sufficient to permit the charge to be submitted to the jury and I would therefore affirm the order of the Appellate Division.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO and READ concur with Judge JONES; Judge PIGOTT dissents in part and votes to affirm in a separate opinion in which Judge SMITH concurs.

Order modified, etc.