*595 Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), entered May 16, 2007, as amended July 25 and September 5, 2007, convicting defendant, after a jury trial, of burglary in the third degree (two counts) criminal possession of a forged instrument in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth and fifth degrees, and possession of burglar’s tools, and sentencing him, as a second felony offender, to an aggregate term of 5 to 10 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the forged instrument conviction and dismissing that count of the indictment, and otherwise affirmed.
The evidence was legally insufficient to establish that defendant had the intent to “defraud, deceive or injure another” (Penal Law § 170.25) required to establish second-degree criminal possession of a forged instrument. We reach this unpreserved issue (see People v Hawkins, 11 NY3d 484, 492 [2008]) in the interest of justice.
While shoplifting in a store from which he had been barred by way of a trespass notice, defendant possessed a state identity card on which a letter in defendant’s name and a digit in his identification number had been altered. Defendant did nothing with this card, which was taken from him when he was searched by store security guards.
In People v Bailey (13 NY3d 67 [2009]), the Court of Appeals held that a defendant’s knowledge that the $10 bills he possessed were counterfeit, coupled with his attempt to steal property in a commercial district, did not provide legally sufficient evidence from which the jury could infer an intent to defraud, deceive or injure another by way of the bills. The Court of Appeals emphasized that knowledge and intent were two separate elements, and that a ruling that the evidence was sufficient “effectively stripped the element of intent from the statute and criminalized knowing possession” (id. at 72).
Here, as in Bailey, the evidence was not legally sufficient to support the verdict on the forged instrument count. Defendant’s knowing possession of the forged card was not sufficient to prove intent, and he engaged in no conduct evincing an intent to use it (id.). We reject, as too speculative to establish an element of a crime, the People’s theory that defendant intended to use the card to misrepresent his identity in the event of his arrest and prevent store personnel from detecting his status as a person barred from the store. Accordingly, we dismiss this count.
The court properly denied defendant’s CPL 330.30 (2) motion to set aside the verdict on the ground of jury misconduct, based *596 on a juror’s telephone conversation with a court officer two days after the verdict, in which the juror stated that his “conscience was bothering him” and that the jurors had “unfairly coerced him to vote guilty verdicts.” Proof of the “tenor of [jury] deliberations” or of belated misgivings on the part of jurors cannot be used to impeach a verdict (see People v Brown, 48 NY2d 388, 393 [1979]; People v De Lucia, 20 NY2d 275, 279 [1967]; People v Goode, 270 AD2d 144, 145 [2000], lv denied 95 NY2d 835 [2000]). Moreover, even when a defendant asserts a cognizable type of jury misconduct, a motion to set aside the verdict must be based on sworn allegations of fact (CPL 330.40 [2] [e] [ii]). A motion is no substitute for an investigation to be made by counsel (see People v Brown, 57 AD3d 238, 239 [2008], lv denied 12 NY3d 781 [2009]) and a defendant is “not entitled to a hearing based on expressions of hope that a hearing might reveal the essential facts” (People v Johnson, 54 AD3d 636, 636 [2008], lv denied 11 NY3d 898 [2008]). Here, defendant only submitted an unsworn note from the court officer, which, in turn, contained the hearsay declarations of the juror.
Our dismissal of the second-degree criminal possession of a forged instrument count renders academic defendant’s principal challenge to his sentence, and we perceive no basis for reducing the remaining sentences. Concur—Gonzalez, P.J., Saxe, Catterson, McGuire and Acosta, JJ.