[957 NE2d 1133, 933 NYS2d 631]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISIDRO RODRIGUEZ, Appellant.

Argued September 14, 2011; decided October 18, 2011

## POINTS OF COUNSEL

*Weil Gotshal & Manges, LLP*, New York City (*Evert J. Christensen, Jr., Seth Goodchild* and *Robert V. Spake, Jr.*, of counsel), and *Office of the Appellate Defender* (*Richard M. Greenberg* and *Eunice C. Lee* of counsel) for appellant. Isidro Rodriguez's conviction should be reversed as legally insufficient because the People failed to prove an intent to use the forged identification documents found in his possession to defraud, deceive or injure. (*People v Contes*, 60 NY2d 620; *Jackson v Virginia*, 443 US 307; *People v Patterson*, 39 NY2d 288; *People v Stevens*, 109 NY 159; *People v Bailey*, 13 NY3d 67; *People v Brunson*, 66 AD3d 594; *People v Bracey*, 41 NY2d 296; *People v Dallas*, 46 AD3d 489.)

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Deborah L. Morse* and *Gina Mignola* of counsel), for respondent. The decision of the Appellate Division fully comported with the governing legal principles as set out by this Court, and there was legally sufficient trial proof of the requisite fraudulent intent. (*People v Bailey*, 13 NY3d 67; *People v Cabey*, 85 NY2d 417; *Matter of Kevin B.*, 128 AD2d 63; *People v McDonald*, 88 NY2d 281; *People v Caraballo*, 138 AD2d 725; *People v Sanchez*, 86 NY2d 27; *People v Bracey*, 41 NY2d 296; *United States of Am. v MacPherson*, 424 F3d 183; *Mallette v Scully*, 752 F2d 26; *People v Dallas*, 46 AD3d 489.)

## OPINION OF THE COURT

Chief Judge LIPPMAN.

The question before the Court is whether the evidence in this case was legally sufficient to convict the defendant of criminal possession of a forged instrument in the second degree. We hold that it was.

In March 2007, as part of a criminal investigation, New York City Police Detective Steven Goetz interviewed a complainant who provided him with the name, photograph, and phone number of a possible suspect whom she identified as Devine Perez. Goetz called the phone number and spoke to a person who identified himself as Devine Perez and who told Goetz that he was in Hartford, Connecticut and would be unable to come in to meet with the detective. Later that month, Goetz received information suggestive of the possible suspect's whereabouts. On March 19, 2007, while driving to that location, the detective spotted a man on the street whom he recognized to be the person in the photograph given to him by the complainant. Detective Goetz exited his vehicle and arrested the man, defendant Isidro Rodriguez. During the course of a search incident to arrest,[1] Detective Goetz found the following items: a forged New York State driver's license bearing defendant's photograph, a forged New York State non-driver identification card bearing defendant's photograph, a forged Social Security card, a forged permanent resident card ("green card") bearing defendant's photograph, four loose ID-sized photographs of defendant, and identification documents indicating defendant's true identity. Defendant's genuine identification documents were found in a wallet in his pocket, while the false documents, all in the name of Louis Amadou,[2] were also found in his pocket but were not in his wallet. Upon arrest, Detective Goetz observed that defendant was wearing a tan corduroy suit jacket that defendant also appeared to be wearing in the photographs found in his possession.

Following a jury trial, defendant was convicted of four counts of criminal possession of a forged instrument in the second degree. The Appellate Division affirmed defendant's conviction (71 AD3d 450 [1st Dept 2010]), holding that there was sufficient circumstantial evidence from which the jury could rationally have inferred that defendant possessed the forged documents with intent to defraud, deceive, or injure, as required to sustain a conviction for criminal possession of a forged instrument as defined by Penal Law § 170.25. A Judge of this Court granted defendant leave to appeal (15 NY3d 777 [2010]), and we now affirm.

Evidence is sufficient to sustain a conviction where " 'there is any valid line of reasoning and permissible inferences which

---

1. This search is not challenged on this appeal.
2. The first name of the alias was misspelled on one of the documents.

could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial' " (*People v Mateo*, 2 NY3d 383, 409 [2004] [citations omitted]). "A person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses any forged instrument of a kind specified in section 170.10" (Penal Law § 170.25). Forged government identification cards fall under one category of documents specified in Penal Law § 170.10.[3]

Because intent is an " 'invisible operation of [the] mind' " (*People v Samuels*, 99 NY2d 20, 24 [2002] [citation omitted]), direct evidence is rarely available (in the absence of an admission) and is unnecessary where there is legally sufficient circumstantial evidence of intent (*see People v Bracey*, 41 NY2d 296, 301 [1977] [noting that "intent can also 'be inferred from the defendant's conduct and the surrounding circumstances' " (citation omitted)]).

Defendant, relying on *People v Bailey* (13 NY3d 67 [2009]), argues that the evidence of intent was insufficient in this case because he was arrested on a public street and as such there were no surrounding circumstances from which the inference of intent could permissibly be drawn.

In *Bailey*, the defendant was observed by police officers for a period of time before his arrest entering and exiting several fast food restaurants. During that time he never engaged in any conduct evincing intent to use the counterfeit bills in his possession to defraud anyone, nor were there any circumstances surrounding his arrest which suggested that he had the intent to do anything other than steal from the patrons of the restaurants he visited. In reversing the conviction for criminal possession of a forged instrument in the first degree, we made clear that intent cannot be presumed from knowing possession alone unless there is a statute establishing such a presumption (*see id.* at 72).

In contrast to *Bailey*, here there are several factors which, taken together, form a sufficient basis for the permissible inference that defendant acted with the requisite intent. Here, defendant had a motive to assume a false identity because he was

---

3. Penal Law § 170.10 (3) references a forged instrument that purports to be "[a] written instrument officially issued or created by a public office, public servant or governmental instrumentality."

aware that the police were searching for him. Furthermore, the fact that three of the four documents found in defendant's possession bear his photograph provides a sound basis for the inference that defendant actively participated in manufacturing the false identification documents (*compare People v Brunson*, 66 AD3d 594 [1st Dept 2009]). Upon inspecting the forged documents to which defendant's photograph was affixed, the jury could rationally have determined that the items contained photographs of defendant because he posed for the photographs for the purpose of making the documents and that he subsequently made the documents, assisted in the creation of the documents, or directed someone else to make them. Also, defendant was observed, upon arrest, wearing a tan corduroy suit jacket which appears to be the same suit jacket he is seen wearing in the loose photographs found in his possession. From this it was permissible for the jury to infer that defendant was recently involved in the production of the false documents and that he retained the intent to defraud at the time of his arrest.

Moreover, defendant carried the false documents separately from his true identification which leads to the inference that he wanted to keep the two separate so that he could quickly and easily produce one or the other, as needed. Finally, defendant sent a letter to the court requesting to plead guilty. While the letter did not include an express admission of intent, the jury could have evaluated the evidence to be supportive of a finding that defendant had the requisite intent and was admitting as much by requesting to plead guilty.

A conviction for criminal possession of a forged instrument in the second degree requires both knowing possession and intent. Penal Law § 170.25 does not, however, require use or attempted use as an element of the crime (a person is guilty under the statute if he or she utters *or possesses* a forged instrument, so long as that person also has the requisite intent). Nor does Penal Law § 170.25 require that the contemplated use be imminent. In sum, there are cases in which, in the absence of use or attempted use, and in the absence of a statutory presumption of intent,[4] there is nevertheless legally sufficient circumstantial evidence of intent to defraud, deceive, or injure. This is such a case. The evidence adduced at trial established more than

---

4. The only presumption of intent set forth in Penal Law article 170 pertains to the possession of forged credit or debit cards (*see* Penal Law § 170.27).

defendant's knowing possession of four forged instruments. It provided a solid basis for the jury to infer that defendant had the requisite intent to defraud, deceive, or injure and for it to conclude rationally that defendant was guilty beyond a reasonable doubt.

Accordingly, the order of the Appellate Division should be affirmed.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed.