Kavanagh, J.
Defendant was found in possession of counterfeit United States currency and was charged with criminal possession of a forged instrument in the first degree. After a jury trial, he was convicted and subsequently sentenced, as a second felony offender, to a prison term of 6 to 12 years. Defendant now appeals.
Defendant claims that his conviction was not supported either by legally sufficient evidence or by the weight of the credible evidence introduced at trial. For such a conviction to be supported by legally sufficient evidence, it must be proven that defendant possessed this counterfeit currency “with knowledge that it [was] forged and with intent to defraud, deceive or injure another” (Penal Law § 170.30; see People v Bailey, 13 NY3d 67, 70 [2009]). Defendant acknowledges that the currency found on his person (18 $50 bills) was counterfeit, but claims that it was not established at trial that he knew the currency was counterfeit or that he possessed it with the intent to deceive others. We disagree.
Evidence establishing an intent to deceive another can “ ‘be inferred from the act itself . . . [or] from the defendant’s *1114 conduct and the surrounding circumstances’ ” (People v Rodriguez, 71 AD3d 450, 452 [2010], affd 17 NY3d 486 [2011], quoting People v Bracey, 41 NY2d 296 [1977] [citation omitted]). Here, evidence was presented that a week prior to his arrest, defendant used a counterfeit $50 bill to pay for a food order at a fast-food restaurant. When he was challenged about the integrity of this currency, defendant tendered a new bill to pay for the food order and returned the change he had received when he used the counterfeit $50 bill. After the police were notified, defendant abruptly left the restaurant without his entire food order, but later returned to inquire of an employee as to whether she had given his name to the police.* Therefore, legally sufficient evidence was presented at trial from which the jury could rationally infer that defendant possessed the counterfeit currency with the intent to defraud or deceive others (see People v Rodriguez, 17 NY3d 486, 489-490 [2011]; compare People v Bailey, 13 NY3d at 72) and that the jury’s verdict was supported by the weight of the credible evidence introduced at trial (see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Monteiro, 93 AD3d 898, 900 [2012], lv denied 19 NY3d 964 [2012]).
Defendant also argues that what transpired at the fast-food restaurant constituted evidence of a prior bad act and should not have been admitted into evidence at trial. Evidence of uncharged crimes or prior bad acts may be presented to establish, among other things, a defendant’s intent and identity (see People v Molineux, 168 NY 264, 293 [1901]; People v Buchanan, 95 AD3d 1433, 1436 [2012]; People v Lindsey, 75 AD3d 906, 908 [2010], lv denied 15 NY3d 922 [2010]), and is also admissible when it is “inextricably interwoven” with the conduct that is the subject of the defendant’s trial (People v Burnell, 89 AD3d 1118, 1120 [2011], lv denied 18 NY3d 922 [2012]). Defendant’s conduct at the restaurant and, in particular, his use of a counterfeit bill was undeniably relevant to establish that he knew the currency seized from him at the time of his arrest was counterfeit and that he possessed it with the intent to defraud others. Any prejudice that may have resulted from the admission of this evidence at trial, in our view, was far outweighed by its probative value and it was properly admitted at trial (see id. at 1121).
Defendant further argues that it was error to allow a police officer to testify at trial that, when arrested, defendant had *1115 been operating a motor vehicle with a suspended driver’s license. However, this evidence was relevant to explain why defendant was stopped by the police and how the counterfeit currency was found on his person. Given the appropriate limiting instructions that County Court gave the jury regarding the use of this evidence, we see no error in its admission (see People v Johnson, 233 AD2d 761, 763 [1996], lv denied 89 NY2d 1012 [1997]).
We also reject defendant’s challenge to County Court’s Sandoval ruling permitting him to be cross-examined regarding his 2003 conviction for felony assault as well as the circumstances that resulted in his 2009 conviction for criminal possession of stolen property. In its ruling, the court barred the People from questioning defendant regarding numerous other criminal convictions on his record. As such, its decision in this regard constituted a measured effort to balance the relevance of defendant’s prior criminal conduct against the potential prejudice that would result in the admission of such evidence at trial (see People v Sandoval, 34 NY2d 371, 377 [1974]; People v Reid, 97 AD3d 1037, 1037-1038 [2012]; People v Lumnah, 81 AD3d 1175, 1177-1178 [2011], lv denied 16 NY3d 897 [2011]). Finally, considering defendant’s extensive criminal history, the sentence imposed was neither harsh nor excessive and we are not aware of the existence of any extraordinary circumstances that would warrant its reduction (see People v Rodney, 79 AD3d 1363, 1365 [2010]).
Defendant’s remaining contentions raised in his pro se brief have been considered and found to be without merit.
Peters, PJ., Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

 Defendant admitted at trial that he was the person who had used the $50 bill at the restaurant, but claimed that it had been given to him by a passenger in his car and denied knowing that it was counterfeit.