Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered October 6, 2011, convicting him of criminal possession of a forged instrument in the first degree (43 counts), unlawful possession of marijuana, operating a motor vehicle without safety belts, and operating a motor vehicle without insurance, upon a jury verdict, and imposing sentence.
Ordered that the judgment is modified, on the law, by vacating the convictions of criminal possession of a forged instrument in the first degree under counts 1 through 43 of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
The defendant’s contention that his convictions of criminal possession of a forged instrument in the first degree were not supported by legally sufficient evidence is preserved for appellate review (see CPL 470.05 [2]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally insufficient to establish the defendant’s guilt of those crimes beyond a reasonable doubt. “A person is guilty of criminal possession of a forged instrument in the first degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses any forged instrument of a kind specified in section 170.15” (Penal Law § 170.30). The forged instruments specified in Penal Law § 170.15 (1) include “[p]art of an issue of money, stamps, securities or other valuable instruments issued by a government or governmental instrumentality.” Here, it was alleged that the defendant possessed 43 counterfeit bills, with knowledge that the bills were forged, and with intent to defraud, deceive, or injure another. The defendant admitted that he was aware that the bills at issue were counterfeit. However, as defense counsel correctly argued both at trial and in a motion pursuant to CPL 330.30 (1), no evidence adduced at trial established or supported the inference that the defendant *911 had the intent to defraud, deceive, or injure another (see People v Bailey, 13 NY3d 67, 69-72 [2009]; People v Brunson, 66 AD3d 594, 595 [2009]; cf. People v Rodriguez, 17 NY3d 486, 489-490 [2011]). Accordingly, the convictions of criminal possession of a forged instrument in the first degree and the sentences imposed thereon must be vacated, and those counts of the indictment must be dismissed.
In light of our determination, the defendant’s contention regarding his sentence has been rendered academic. Dillon, J.E, Balkin, Dickerson and Hinds-Radix, JJ., concur.