This opinion is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------------

No. 77
The People &c.,
            Respondent,
        v.
Ricky A. Lynch,
            Appellant.


            Louis E. Mazzola, for appellant.
            Ronnie Jane Lamm, for respondent.


LIPPMAN, Chief Judge:

        In this appeal, we determine whether defendant's second

prosecution in New York was based on the same criminal

transaction as a previous prosecution, and thus barred by New

York's statutory double jeopardy protections.  We hold that these

                            - 1 -

prosecutions involved different criminal transactions.

On June 15, 2009, defendant used false information when filling out an application (an MV-44 form) for a non-driver identification card, a form he submitted to the New York State Department of Motor Vehicles (DMV) in Suffolk County. On the application, defendant represented himself to be Ricky Lynch, Jr., defendant's son, using his son's name, date of birth, and social security number.

In November 2009, while driving in Westchester County, defendant made an illegal U-turn for which he was stopped by the police. When asked for identification, defendant produced the non-driver ID card he had obtained in June 2009. During an inventory of the car after defendant was arrested for driving with a suspended license, the officer found two other fake or forged identification cards on the floor behind the driver's seat. Defendant was charged with criminal possession of a forged instrument in the second degree, aggravated unlicensed operation of a motor vehicle in the second degree, and false personation. He pleaded guilty to a reduced charge of criminal possession of a forged instrument in the third degree in satisfaction of the indictment.

Defendant's son, Ricky Lynch, Jr., returned to New York in February 2010 after living with his mother in Arizona for four years. When he attempted to obtain a new driver's license at the DMV, he was told he had unpaid tickets and that his license was

suspended. After reviewing its records, the DMV found that defendant had used his son's identifying information to apply for an ID card. Defendant's son identified his father's photograph on licenses ostensibly issued to Ricky Lynch, Jr.

In August 2010, a Suffolk County Grand Jury charged defendant with criminal possession of a forged instrument in the second degree, alleging that on June 15, 2009, he possessed a forged instrument (the MV-44 form); forgery in the second degree, alleging that on June 15, 2009, with intent to defraud his son, he falsely made and completed the form; identity theft in the first degree, alleging that on the same date, he assumed the identity of his son; and offering a false instrument for filing in the first degree, alleging that on the same date, he presented the said form.[1]

Defendant moved to dismiss the Suffolk County charges on statutory double jeopardy grounds under Criminal Procedure Law 40.20. The court denied the motion, reasoning that "defendant is not charged in Suffolk County with possession of the identity card and thus the 'res' of the crime is a completely different instrument" and "although related, the alleged crimes in Suffolk were complete with the defendant filing his application." "That

---

[1] Following a jury trial, defendant was convicted of all charges in the indictment. At sentencing, the court dismissed the conviction of forgery in the second degree on the ground that one cannot be convicted of both criminal possession of a forged instrument and forgery of the same written instrument.

the defendant possessed the fruits of that crime is a separate and distinct act which is not subject to a defense of double jeopardy."

The Appellate Division affirmed, holding that there was no statutory double jeopardy violation because the "crimes for which the defendant was prosecuted in Suffolk County were not based upon the same criminal transaction as the crime for which he was prosecuted in Westchester County" (116 AD3d 979, 979 [2d Dept 2014]). "The Westchester County prosecution involved a separate offense, which arose out of defendant's possession of a different forged instrument than the one at issue in the Suffolk County prosecution" (id. at 980).

Under CPL 40.20, a subsequent prosecution for offenses involving the "same criminal . . . transaction," as defined by CPL 40.10 (2), violates the statutory bar against double jeopardy unless an exception applies.

> "'Criminal transaction' means conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture" (CPL 40.10 [2]).

The definition contains two alternative tests to determine whether two offenses are part of the same criminal transaction. Part (a) "involves consideration of the nature,

timing and circumstances of the offenses" so that, for example, where a seller of pornographic materials sold two pornographic items at the same time to a single purchaser, the acts constituted the same criminal transaction (7 NY Prac., New York Pretrial Criminal Procedure § 2:6 [2d ed.] citing People v North Street Book Shoppe, Inc., 139 AD2d 118 [3d Dept 1988]).  In contrast, a court identified two separate criminal transactions where defendants used stolen credit cards to purchase merchandise, for which they were convicted of criminal possession of stolen property and forged instruments in New York State, and three months later bought different stolen credit cards, for which they were convicted in federal court of conspiracy to purchase stolen credit cards (see People v Vesprey, 183 AD2d 212 [1st Dept 1992], lv denied 81 NY2d 894 [1993]).  Different criminal transactions have also been recognized for separate sales of drugs to the same person at the same place, separated by 48 hours (see People v Robinson, 65 AD2d 896 [3d Dept 1978]).

In People v Dallas (46 AD3d 489 [1st Dept 2007]), defendant's prosecution in New York County for possession of 12 counterfeit documents and subsequent prosecution in Kings County for the sale of different false identification documents "of the same nature," did not violate the statutory protections against double jeopardy because the offenses "were not so closely related as to constitute a single criminal transaction" (id. at 490 [internal quotation marks omitted]).  "The fact that defendant

was in the business of selling counterfeit identifications, and
that his conduct in both counties may have been admissible in
both prosecutions . . . did not make his possession of different
documents at different times a single criminal transaction"
(id.).

Part (b) of the CPL 410.10 definition "tends to be more
applicable to crimes that involve planned, ongoing organized
criminal activity, such as conspiracies, complex frauds or
larcenies, or narcotics rings" (7 NY Prac., New York Pretrial
Criminal Procedure § 2:6 [2d ed.]).  This Court has recognized
statutory violations of double jeopardy protections in drug
trafficking cases where the "embracive nature of the crime of
conspiracy" presents unique circumstances (People v Abbamonte, 43
NY2d 74, 85 [1977]; see Matter of Abraham v Justices of NY
Supreme Ct. of Bronx County, 37 NY2d 560 [1975] [concluding that
successive prosecutions in state and federal court for drug
trafficking of the same drugs constituted the same criminal
transaction and violated statutory double jeopardy protections]).
In Abraham, this Court observed that each defendant in the drug
trafficking conspiracy "played a well-defined role in a highly
structured, disciplined and vertically integrated criminal
enterprise," and "the part with which each was immediately
concerned was dependent upon the success of the whole" (id. at
567 [internal citation and quotation marks omitted]).  The Court
concluded that the "acts and conduct constituted 'integral parts

of a single criminal venture' and, thus, a single 'criminal transaction' within the meaning of CPL 40.20" (id.).

Here, under the test presented by CPL 40.10 (2) (a), the offense of submitting a forged MV-44 form and the offense of presenting a forged non-driver ID to the police were many months apart and, as in People v Dallas (supra), involved different forged instruments -- the non-driver's license and the MV-44 application form -- making them different criminal transactions. The Suffolk County charge was based on defendant's completion and filing of the application form.  The offense was complete once defendant submitted the forged application to the DMV in June 2009.  The Westchester offense occurred four months later and was based on defendant's presentation of the forged non-driver's license to the officer.  With the non-driver ID card in hand, defendant could give the appearance of a clean record, which would enable him to evade his criminal history and obtain a loan or employment under a false identity.  Applying the alternative test defined by CPL 40.10 (2) (b), this case does not involve the integrated, interdependent acts as seen in conspiracy cases or complex frauds, and as such does not constitute a "single criminal venture" (see 37 NY2d at 567).

A closer case might be presented had defendant applied for a driver's license in Suffolk County with his son's papers and showed the temporary driver's license later that same day when his car was stopped by police.  In such circumstances, the

timing and criminal purpose of the two acts would be more interrelated than the circumstances presented here.

As the successive prosecutions here involved two different criminal transactions, we need not reach defendant's remaining contentions.

Accordingly, the Appellate Division order should be affirmed.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

Order affirmed.  Opinion by Chief Judge Lippman.  Judges Read, Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.

Decided June 9, 2015