The People of the State of New York, Respondent,
against
Malikh Evans, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Marc J. Whiten, J.), rendered May 11, 2011, convicting him, upon his plea of guilty, of disorderly conduct and imposing sentence.




Per Curiam.
Judgment of conviction (Marc J. Whiten, J.), rendered May 11, 2011, affirmed.
Since defendant waived his right to prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was not jurisdictionally defective, since it sufficiently alerted defendant to the charged crime, specified information from which his knowledge and intent could be inferred, and provided reasonable cause to believe that defendant was guilty of criminal possession of a forged instrument in the third-degree (see Penal Law § 170.20). Factual allegations that the 54 counterfeit bills recovered from the glove compartment of defendant's vehicle had a "texture ... unlike the texture of authentic [U.S.] currency," with an "uneven" cut of the paper, "white around the edge of the bills" and "no water mark," warranted the inference that defendant knew the bills were counterfeit (see People v Bogan, 80 AD3d 450 [2011], lv denied 16 NY3d 856 [2011]). 
In addition, at the pleading stage, defendant's intent to defraud, deceive or injure another may be inferred from his conduct and the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301 [1977]), including the sheer number of counterfeit bills (cf. People v Bailey, 13 NY3d 67 [2009] [at trial, defendant's intent could not be presumed from his possession of three counterfeit bills in a shopping district]), concealment of the bills in a moving vehicle, and the lack of any reason for defendant to possess and furtively move this quantity of counterfeit bills other than that they be used for fraudulent purposes (see People v Rodriguez, 17 NY3d 486 [2011]; People v Dallas, 46 AD3d 489, 491 [2007], lv denied 10 NY3d 809 [2008]). No additional evidentiary details were required for the People's pleading to provide "adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy" (People v Kasse, 22 NY3d 1142, 1143 [2014]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 28, 2016