People of the State of New York, 
against
Richard Lewis, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Lisa A. Sokoloff, J.), rendered October 5, 2014, convicting him, upon his plea of guilty, of fraudulent accosting, and imposing sentence.




Per Curiam.
Judgement of conviction (Lisa A. Sokoloff, J.), rendered October 5, 2014, affirmed.
In view of defendant's knowing waiver of the right to be prosecuted by information, the accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument, "given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), sufficiently set forth the factual basis for the fraudulent accosting charge (see Penal Law § 165.30) to which defendant ultimately pleaded guilty. The accusatory instrument alleges, inter alia, that defendant was observed inside 2 Penn Plaza offering to sell "someone a ticket" to a "Bass Nectar" concert at Madison Square Garden; that defendant received money, as well as that individual's "own ticket" in exchange for one of the defendant's tickets; and that the deponent police officer recovered "four (4) additional Bass Nectar tickets from the defendant's hand" that the officer knew were "forged" due to their "inferior" quality, a fact subsequently confirmed by the Senior Security Advisor for Madison Square Garden. The complaint thus contained "facts of an evidentiary character" (CPL 100.15[3]) demonstrating "reasonable cause" to believe that defendant committed the crime charged (CPL 100.40[4][b]; see People v Holland, 41 Misc 3d 134[A], 2013 NY Slip Op 51864[U] [App Term, 1st Dept 2013], lv denied 22 NY3d 1139 [2014]; People v Ragland, 13 Misc 3d 130[A], 2006 NY Slip Op 51841[U] [App Term, 1st Dept 2006], lv denied 7 NY3d 928 [2006]). For purposes of our threshold, pleading-stage inquiry, defendant's intent to defraud the victim (see William C. Donnino, Supplementary Practice Commentary, Mckinney's Cons. Laws of NY, Book 39, Penal Law § 15.00) may be inferred from his conduct and the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301 [1977]), including his possession in his hand of four forged "Bass Nectar" tickets immediately after he was observed selling a "Bass Nectar" ticket to the victim (see e.g., People v Rodriguez, 71 AD3d 450 [2010], affd 17 NY3d 486 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 16, 2017