People v Pena (2024 NY Slip Op 50753(U))

[*1]

People v Pena (Robert)

2024 NY Slip Op 50753(U)

Decided on June 21, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 21, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570214/19

The People of the State of New York, Respondent,
against
Robert Pena, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Michael J. Gaffey, J.), rendered March 14, 2019, convicting him, upon his plea of guilty, of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Michael J. Gaffey, J.), rendered March 14, 2019, affirmed.
The accusatory instrument charging criminal possession of a forged instrument in the third degree (see Penal Law § 170.20), assessed under the standard applicable to an information (see People v Hatton, 26 NY3d 364, 368 [2015]), was jurisdictionally valid because it set forth "nonhearsay allegations which, if true, establish every element of the offense charged and the defendant's commission thereof" (People v Wheeler, 34 NY3d 1134, 1135 [2020][internal quotation marks omitted]). The instrument recited that a police officer observed defendant standing next to a vehicle that he owned with a forged NYPD parking permit in the front driver's side window. The instrument also set forth the basis for the officer's knowledge, in addition to his training and experience, that the permit was forged, including that "there was no serial number, whereas the genuine [permit] has a serial number"; the permit was "laminated whereas the genuine one is not"; and "the word 'Administrative' is misspelled." The officer further alleged that he was a "custodian of the permit and the defendant does not have permission or authority to use a restricted parking permit."
Contrary to defendant's present contention, his knowledge of the forgery, an essential element of the offense, can be inferred from his actions and the surrounding circumstances (see People v Johnson, 65 NY2d 556, 561 [1985]; People v West, 58 Misc 3d 157[A], 2018 NY Slip Op 50218[U] [App Term, 1st Dept 2018], lv denied 31 NY3d 1089 [2018]), including that he was the registered owner of the vehicle with the forged permit (see generally People v Doudoulgou, 67 Misc 3d 134[A], 2020 NY Slip Op 50503[U][App Term, 1st Dept 2020]); the conspicuous evidence of the forgery (see People v Bell, 188 AD3d 427 [2020], lv denied 36 NY3d 1055 [2021]); and the allegation that the forged permit was placed in the front driver's side window, making it visible to defendant every time he utilized the vehicle. Moreover, a jury could also infer that defendant had the intent to defraud, since "there was no reason for defendant to knowingly possess [such a] false ... document[] unless he intended to present [it] as real, i.e., to defraud or deceive another" (People v Rodriguez, 71 AD3d 450, 453 [2010], affd 17 NY3d 486 [2011]).
Our review of the record indicates that defendant's guilty plea was knowing, intelligent and voluntary. In satisfaction of an accusatory instrument charging second-degree criminal possession of a forged instrument, a felony, defendant pleaded guilty to disorderly conduct, a mere violation, in exchange for a sentence of conditional discharge. Defendant had counsel on the case, who waived formal allocution, and defendant personally confirmed that he was pleading guilty voluntarily. Moreover, at the start of the plea proceeding, the court granted defense counsel's request for a second call to discuss a possible plea disposition. When the case was called a second time, defense counsel immediately announced, without the need for any additional discussion, that defendant had decided to plead guilty and "authorize[d]" the plea, a fact which "confirms that defendant made the decision to plead guilty after consulting with counsel" (People v Conceicao, 26 NY3d 375, 384 [2015]). Defendant also waived specific constitutional rights, including the right to present a defense, the right to question the People's witnesses, and the right to testify on his own behalf if he chose to do so. Thus, the record as a whole establishes defendant's understanding and waiver of his constitutional rights, despite the absence of a full enumeration of all the rights waived (see People v Sougou, 26 NY3d 1052, 1054 [2015]; People v Simmons, 138 AD3d 520 [2016], lv denied 27 NY3d 1139 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 21, 2024